UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDWARD LEWIS TOBINICK, M.D., A
MEDICAL CORPORATION d/b/a THE
INSTITUTE OF NEUROLOGICAL
RECOVERY, a California Medical Corporation;
INR PLLC d/b/a INSTITUTE OF
NEUROLOGICAL RECOVERY, a Florida
Professional limited liability company; and
EDWARD TOBNICK, M.D., an individual,

    Plaintiffs,

vs.                                              **CASE NO. 14-cv-80781 RLR**

STEVEN NOVELLA, M.D., an individual;
YALE UNIVERSITY, a Connecticut corporation;
SGU PRODUCTIONS, LLC, a Connecticut
limited liability company; and SOCIETY FOR
SCIENCE-BASED MEDICINE, INC., a Florida
Corporation,

    Defendants.
_____/

**DEFENDANT YALE UNIVERSITY'S SUR-REPLY TO
PLAINTIFFS' REPLY IN SUPPORT OF THEIR
<u>MOTION FOR TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF</u>**

    Plaintiffs claim in their Reply to Yale's Response to their Motion for Temporary and Preliminary Injunctive Relief (doc. 64) that Yale is somehow in "default" and that a preliminary injunction can now enter against Yale with no further proceedings or hearing. That argument is absurd on its face. Yale has vigorously defended against this action and been timely every step of the way. Indeed, to the extent that there has been delay in this matter, it is Plaintiffs who have failed timely to tee up their Motion for Temporary and Preliminary Injunctive Relief ("Injunction Motion") for a hearing, to address a blog post that was published more than 14 months ago. Rather than try to support the merits of their belated request for preliminary injunctive relief,

they now are attempting a procedural maneuver to obtain that relief. The Court should reject Plaintiffs' "default" argument out of hand.

Yale has complied with every court deadline in this case, has explained in clear terms its positions in this case, and has now timely renewed its Rule 12(b)(2) motion to dismiss the Amended Complaint for lack of personal jurisdiction over Yale. There plainly has been no "default." As Yale has stated in its papers in response to the Injunction Motion, a court must first examine its jurisdiction before it can issue an injunction. Yale therefore renews its request that the Court consider its pending motion to dismiss and, only if the motion is denied, proceed with the Injunction Motion that Plaintiffs themselves have not been in any hurry to have decided.

### A. Procedural Background

Before there was service of process in this case, Plaintiffs' counsel sent an informal e-mail to Yale's in-house general counsel on June 11, 2014, attaching a copy of the Injunction Motion, but otherwise giving no notice of the lawsuit. Plaintiffs' counsel did not even include the June 9th complaint with the e-mail, although it appeared from the Injunction Motion that the case concerned a blog post by defendant Steven Novella from over *a year earlier* in May 2013. Plaintiffs never asked Yale to waive service of process. When Plaintiffs did finally serve the Summons and Complaint on Yale on June 27, 2014 (*see* return of service, doc. 18), they neglected to include a copy of the Injunction Motion for it to be formally served once Yale was a party to the action.

In response to the Complaint served on June 27, Yale timely filed a Motion to Dismiss the Complaint for lack of personal jurisdiction (doc. 34) on July 18, 2014. At that time, it was unclear whether or when Plaintiffs intended to pursue their Injunctive Motion. They had not yet sought a hearing date several weeks after commencing the lawsuit. Out of an abundance of caution, Yale filed a Response to the Injunction Motion on July 30, 2014 (doc. 49), asking the

Court to defer consideration of the Injunction Motion until the jurisdictional issues were resolved. In the alternative, Yale requested that it be given an opportunity to respond to the merits of Plaintiffs' arguments for an injunction if the Court found that personal jurisdiction exists over Yale.

Plaintiffs never responded to Yale's Rule 12(b)(2) motion demonstrating that this Court lacks personal jurisdiction over Yale. Rather, on August 1, 2014, Plaintiffs filed an Amended Complaint (doc. 55). The Amended Complaint acknowledged Yale's jurisdictional challenge by adding a paragraph 13 in an apparent effort to shore up their efforts to secure personal jurisdiction over Yale. On August 4, 2014, the Court denied Yale's Motion to Dismiss as moot because the complaint to which it was directed had been withdrawn by Plaintiffs. (Order, doc. 56.) Under Fed. R. Civ. P. 15(a)(3), Yale had until August 15, 2014 to respond to the Amended Complaint. Yale did so before that response date by filing its Motion to Dismiss the Amended Complaint ("Second Motion to Dismiss") on August 13, 2014 (doc. 66). In the Second Motion to Dismiss, Yale demonstrates that the Court continues to lack personal jurisdiction over Yale, as the jurisdictional allegations added to the Amended Complaint fail to cure the deficiencies in the initial complaint and fail to satisfy well-established requirements for a court in Florida to exercise jurisdiction over an out-of-state defendant like Yale.

Yet, while Yale was preparing that dismissal motion, and before any response by Yale to the Amended Complaint was due, Plaintiffs took the surprising step on August 11, 2014 of filing a Reply to Yale's Response to the Injunction Motion (doc. 64) and arguing that Yale had somehow conceded the Injunction Motion by default so that the matter was now concluded and

the Court should simply enter a preliminary injunction.[1] Under Plaintiffs' "gotcha" theory, because Yale's Response to the Injunction Motion was based on the fact that Yale then had pending in court its Motion to Dismiss the original Complaint, and because that motion had been mooted by the filing of an Amended Complaint, they should win automatically on their request for injunctive relief against Yale regardless of whether the Court has jurisdiction over Yale and regardless of whether Plaintiffs can satisfy the rigorous standards for the grant of preliminary injunctive relief.

### B. Yale Is Not in Default.

Plaintiffs are not entitled to preliminary injunctive relief against Yale based on their procedural sleight-of-hand.

First, Plaintiffs never even formally served the Injunction Motion on Yale, whether with service of process on Yale under Fed. R. Civ. P. 4 or later service on Yale's appearing counsel under Fed. R. Civ. P. 5. They only provided a pre-summons informal copy to Yale's in-house counsel. Yet, now they insist on standing on technicalities to obtain a default.

Second, Yale timely filed its Motion to Dismiss the original Complaint for lack of personal jurisdiction.

Third, Yale sought to be clear in its position and informed the Court in its Response to the Injunction Motion that the Injunction Motion against it should not be heard until the Court determined as a threshold matter whether it could exercise personal jurisdiction over Yale. Yale plainly did not ignore the Injunction Motion even though Plaintiffs had made no effort to move that Motion forward to a hearing. Indeed, it was Plaintiffs who had asked the Court to postpone

---

[1] Plaintiffs also filed a Request for Hearing on the Injunction Motion on August 8, 2014 (doc. 62), two months after commencing this lawsuit and filing the Injunction Motion. This was their first step forward in prosecuting their request for injunctive relief over a May 2013 blog entry.

4

further briefing on the Injunction Motion for months, until they could obtain discovery to find evidence in support of injunctive relief, although the Court did not give them all the time they requested. (*See* Plaintiffs' Motion, doc. 39; Order, doc. 40.)

Fourth, Yale's Motion to Dismiss for lack of personal jurisdiction was merely denied as moot and only because of Plaintiffs' own action in filing an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).

Fifth, Plaintiffs acknowledged the deficiencies in the jurisdictional allegations in their initial Complaint by adding allegations about personal jurisdiction relating to Yale in the Amended Complaint.

Sixth, Yale has timely filed (in fact, filed early) its Rule 12(b)(2) Motion to Dismiss the Amended Complaint for lack of personal jurisdiction.

It is therefore disingenuous for Plaintiffs to shoehorn in their "default" argument in the short time that elapsed between the denial of Yale's initial Rule 12(b)(2) motion as moot (with Plaintiffs having caused the mootness) and Yale's prompt renewal of the Rule 12(b)(2) motion directed to the Amended Complaint. There is no plausible argument that Yale has conceded the merits of the Injunction Motion. Just as important, in their Reply to Yale's Response to the Injunction Motion, Plaintiffs do not disagree with Yale's legal position that the Court needs to resolve the threshold issue of personal jurisdiction before the Court can consider issuing an injunction.[2]

Accordingly, Yale requests that the Court reject Plaintiffs' baseless "default" argument and defer acting on the Injunction Motion as it relates to Yale until it has ruled on Yale's Second Motion to Dismiss.

---

[2] *See, e.g., JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1364 (S.D. Fla. 1999) ("[I]t is axiomatic that a court cannot act without jurisdiction.").

5

Respectfully submitted,

By:   s/ Andrew H. Marks
Andrew H. Marks (Florida Bar # 225231)
Kimberly Freedman (Florida Bar # 71826)
Coffey Burlington, P.L.
2601 South Bayshore Drive
Miami, FL 33133
Tel.: (305) 858-2900
Fax: (305) 858-5261
Email: amarks@coffeyburlington.com
Email: kfreedman@coffeyburlington.com


Jeffrey R. Babbin (*pro hac vice*)
John M. Doroghazi (*pro hac vice*)
Wiggin and Dana LLP
265 Church Street
P. O. Box 1832
New Haven, CT 06508-1832
Tel.: (203) 498-4400
Fax: (203) 782-2889
Email: jbabbin@wiggin.com
Email: jdoroghazi@wiggin.com

Attorneys for Defendant Yale University

6

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 15th day of August, 2014, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/ Andrew H. Marks
                                              Andrew H. Marks

**SERVICE LIST**

Alexander D. Brown
Peter G. Hermann
Salvatore H. Fasulo
Tripp Scott, P.A.
*Attorneys for Plaintiffs*
110 Southeast 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Tel: (954) 525-7500
Fax: (954) 761-8475
adb@trippscott.com
pgh@trippscott.com
shf@trippscott.com
ele@trippscott.com
rep@trippscott.com

Marc J. Randazza
Randazza Legal Group
*Attorney for Steven Novella, M.D.*
3625 S. Town Center Drive
Las Vegas, NV 89135
Tel: (702) 420-2001
Fax: (305) 437-7662
MJR@randazza.com
ecf@randazza.com

Edward S. Polk
Jeanne K. Spital
Cole, Scott & Kissane, P.A.
*Attorneys for Science-Based Medicine, Inc.*
9150 South Dadeland Blvd., Suite 1400
P.O. Box 569015
Miami, FL 33156
Tel: (305) 350-5338
Fax: (305) 373-2294
Edward.polk@csklegal.com
Jeanne.spital@csklegal.com

Darren J. Spielman
Robert C. Kain, Jr.
Kain & Associates
*Attorneys for SGU Productions, LLC*
900 S.E. Third Avenue, Suite 205
Ft. Lauderdale, FL 33316
Tel: (954) 768-9002
Fax: (954) 768-0158
dspielman@complexip.com
rkain@complexip.com