UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80781-Civ-Rosenberg/Brannon

EDWARD LEWIS TOBINICK, M.D., et al.,

      Plaintiff(s),

vs.

STEVEN NOVELLA, M.D., et al.,

      Defendant(s).

_____/

## ORDER SETTING DISCOVERY PROCEDURE

THIS CAUSE is before the Court on referral from U.S. District Judge Robin L. Rosenberg for appropriate disposition of all pretrial discovery motions.  To ensure an expeditious and just discovery process, the Court ORDERS the following:

1.    Pre-hearing Communication:  If a discovery dispute arises, the parties must confer either in person or via telephone in a genuine effort to resolve their discovery disputes before seeking Court intervention.

2.    Discovery Calendar:  If, after conferring, the parties cannot resolve their discovery dispute, the movant must seek relief within 14 days after the grounds for relief occur by contacting Chambers (561-803-3470) and placing the matter on the next available discovery calendar.  The discovery calendar is held each Thursday between 2:00 p.m. and 4:00 p.m.  The movant shall contact Chambers at least 3 business days before the discovery calendar to set the matter for hearing.  The

1

Court will enter an order setting the matter for hearing on the next available discovery calendar.

3.   Discovery Memorandum:  On the same day the matter is placed on the discovery calendar, the movant shall email the Court (brannon@flsd.uscourts.gov) and opposing counsel a Discovery Memorandum briefly (1) specifying the substance of the discovery matter to be heard (e.g., "The parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 5, 6-9," or "The parties dispute the number of depositions permitted."); (2) certifying that the parties have complied with the pre-hearing communication requirement set forth above; and (3) attaching a copy of all source materials relevant to the discovery dispute (e.g., if the dispute concerns interrogatories, the interrogatories at issue and any responses thereto shall be provided to Chambers).  If subsequent issues arise after a discovery hearing has been set, the parties must submit an amended discovery memorandum.  Issues that the parties have failed to bring to the Court's attention prior to the hearing will not be heard.

4.   Written Motions:  No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by the Court; however, written motions are required for discovery disputes involving non-parties.

5.   Resolution of Issues Prior to Hearing:  If the parties resolve all of the issues before the hearing, the counsel who initially set the matter on the discovery calendar shall timely notify Chambers and file a Notice of Resolution stating that the issues are resolved and that the parties wish to cancel the discovery calendar hearing.

3

The Court expects all parties to act courteously and professionally in the resolution of their discovery dispute.  The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this _____ day of September, 2014.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

3