UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.   9:14-CV-80781-ROSENBERG/BRANNON

EDWARD LEWIS TOBINICK M.D., et al.,

    Plaintiff(s),

v.

STEVEN NOVELLA, M.D., et al.,

    Defendant(s).
_____/

## ORDER GRANTING SGU PRODUCTIONS' MOTION TO DISMISS

This matter is before the Court on Defendant SGU Productions' Motion to Dismiss [DE 59]. The Motion has been fully briefed by both sides. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted.

### I.   BACKGROUND

Plaintiff Edward Tobinick is a doctor who provides medical treatment to patients who have "unmet medical needs" via his Institute of Neurological Recovery, a separate Plaintiff in this suit. DE 1 at ¶¶ 2, 12. On May 8, 2013, Defendant Steven Novella published an article that criticized Plaintiffs' treatment methods on a website called sciencebasedmedicine.org. DE 1 at ¶ 18, Exhibit 1. In response, Plaintiffs filed suit against Defendant Novella for drafting and publishing the article. DE 1 at ¶ 18-19. Plaintiffs also filed suit against Defendant SGU Productions and Defendant Yale University for providing links on the internet to the article or otherwise promoting it. *Id.* Presently before the Court is Defendant SGU Productions' Motion to Dismiss. DE 59.

1

## II.  DISCUSSION

SGU Productions argues that Plaintiffs' Complaint should be dismissed for improper venue, lack of personal jurisdiction over SGU, failure to state a claim, and failure to comply with Florida law. For the reasons set forth below, the Court finds that it does not have personal jurisdiction over SGU Productions and, as a result, the Court does not address SGU Productions' other arguments.

Plaintiffs possess the initial burden of establishing a prima facie case of personal jurisdiction over SGU Productions, a foreign defendant. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Here, Plaintiffs allege in their Complaint that SGU Productions engages in business in this district and has committed the tortious acts complained of in this district. DE 1 at ¶ 10. A defendant may disprove a plaintiff's showing of personal jurisdiction with appropriate affidavits and, through such rebuttal, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs*, 447 F.3d at 1360. SGU Productions has filed an extensive affidavit disputing the Court's personal jurisdiction over it in the Motion to Dismiss presently before the Court.

SGU Productions alleges in its affidavit, *inter alia*:

1. SGU Productions' connection to the sciencebasemedicine.org domain is limited.

2. SGU Productions serves as the listed registrant of the domain sciencebasedmedicine.org.

3. SGU Productions' primary function is to donate IT services to the sciencebasedmedicine.org website.

4. SGU Productions does not manage the day-to-day operations of the sciencebasedmedicine.org website.

5. SGU Productions does not host the sciencebasedmedicine.org website nor does it exert control over content on the website.

2

> 6. SGU Productions does not maintain offices in Florida, pay taxes in Florida, or have a business license in Florida.
>
> 7. SGU Productions does not advertise or promote sciencebasedmedicine.org in Florida and it does not specifically target Florida residents in any way with respect to the sciencebasedmedicine.org website.

DE 59 at Exhibit 1. Essentially, SGU Productions asserts that (i) sciencebasedmedicine.org is a passive blog that publishes articles its users create, (ii) SGU Productions is the listed registrant contact for sciencebasedmedicine.org, and (iii) SGU Productions donates certain technical services to that website. *See id.* The Court finds that the facts contained in SGU Productions' affidavit are persuasive and *does* shift the burden to Plaintiffs to prove that the Court has personal jurisdiction over SGU Productions.

In response, Plaintiffs have filed an affidavit that argues the following, *inter alia*:

> 1. Substantial activities which give rise to this action occurred in this district.
>
> 2. SGU Productions knowingly committed tortious actions in this district which caused damages in this district.
>
> 3. SGU Productions knew or should have known that its tortious actions would have an impact in this district.
>
> 4. SGU Productions committed a tortious act by publishing false and defamatory statements on sciencebasedmedicine.org, a website that was accessible and accessed in this district.
>
> 5. SGU Productions' actions were driven by a desire to harm Plaintiffs and promote SGU Production's interests and, therefore, SGU Productions knowingly published its false, defamatory statements in this district.
>
> 6. The disputed article was expressly targeted towards Plaintiffs.

DE 76 at Exhibit 1. Therefore, in contrast to the specific facts relevant to personal jurisdiction provided by SGU Productions, Plaintiffs' counter-affidavit is generalized and focuses on the tortious conduct that is the subject of its claims. While Plaintiffs' allegations are certainly pertinent in the

3

context of the person or entity that authored the alleged defamatory statements, Plaintiffs' allegations are less pertinent in refutation of the specific jurisdictional facts alleged by SGU Productions in its affidavit in opposition. More specifically, SGU Productions has alleged that it merely donates technical services to a passive blog which in turn featured, through content submitted by users of that blog, the article that is the subject of this dispute. As to this contention, Plaintiffs counter-affidavit is nonresponsive. For this reason, the Court finds that an evidentiary hearing is unnecessary to resolve this matter; however, even to the extent a conflict exists between the affidavits and even assuming, for the purposes of any conflict, that Plaintiffs' allegations are true, the Court still finds as a matter of law that it does not have personal jurisdiction over SGU Productions.

Any analysis of personal jurisdiction begins with two questions: whether personal jurisdiction exists over the non-resident defendant under Florida's long-arm statute and whether the exercise of jurisdiction would violate the Due Process requirement of the Fourteenth Amendment. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Putting aside the matter of Florida's long-arm statute, the Court finds that the exercise of jurisdiction over SGU Productions would clearly violate the Fourteenth Amendment.

In specific personal jurisdiction cases,[1] the Court examines: "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Id.* at 1355.

---

[1] Plaintiffs do not appear to argue that general jurisdiction applies to SGU Productions, nor would any such contention be tenable in light of the affidavits presently before the Court.

4

Here, none of the aforementioned elements apply to SGU Productions. Considering Plaintiffs' claims in the context of SGU Productions' (essentially) unrefuted affidavit in opposition, Plaintiffs' claims do not arise out of SGU Productions' contacts with the state of Florida. Moreover, SGU Productions has not purposefully availed itself of the privileges of conducting activities within the state of Florida in the context of the website at issue here. Finally, based upon the passive, blog-focused design of the sciencebasedmedicine.org website and the other general facts contained in SGU Productions' affidavit in opposition, exercising jurisdiction over SGU Productions would fail to comport with the traditional notions of fair play and substantial justice.[2] For all of the foregoing reasons, the Court finds that it does not have personal jurisdiction over SGU Productions. It is therefore

**ORDERED AND ADJUDGED** that SGU Productions Motion to Dismiss [DE 59] is **GRANTED**. Plaintiffs' Complaint is **DISMISSED** as to Defendant SGU Productions.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of September, 2014.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

---

[2] A personal jurisdiction analysis specific to internet websites is unnecessary in this circuit. Although *Zippo Manufacturing Company v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) is a case commonly invoked in the context of personal jurisdiction over out-of-state websites, and although that case utilized a framework tailored specifically for internet commerce, this circuit has declined to adopted *Zippo* and instead utilizes the customary personal jurisdictional analysis for analyzing personal jurisdiction over out-of-state websites. *See Malletier*, 736 F.3d at 1350 n.10.