UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  9:14-CV-80781-ROSENBERG/BRANNON

EDWARD LEWIS TOBINICK M.D., et al.,

      Plaintiff(s),

v.

STEVEN NOVELLA, M.D., et al.,

      Defendant(s).
_____/

## ORDER GRANTING YALE UNIVERSITY'S MOTION TO DISMISS

This matter is before the Court on Defendant Yale University's Motion to Dismiss [DE 66]. The Motion has been fully briefed by both sides. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted.

### I.  BACKGROUND

Plaintiff Edward Tobinick is a doctor who provides medical treatment to patients who have "unmet medical needs" via his Institute of Neurological Recovery, a separate Plaintiff in the suit. DE 1 at ¶¶ 2, 12. On May 8, 2013, Defendant Dr. Steven Novella published an article that criticized Plaintiffs' treatment methods on a website called sciencebasedmedicine.org. DE 1 at ¶ 18, Exhibit 1. In response, Plaintiffs filed suit against Defendant Dr. Novella for drafting and publishing the article. DE 1 at ¶¶ 18-19. Plaintiffs also filed suit against Defendant Yale University and Defendant SGU Productions for

1

providing links on the internet to the article or otherwise promoting it.  *Id.*   Presently before the Court is Defendant Yale University's Motion to Dismiss.   DE 66.

## II. DISCUSSION

Yale University argues that Plaintiffs' Complaint should be dismissed because the Court does not have personal jurisdiction over it.  Plaintiffs possess the initial burden of establishing a prima facie case of personal jurisdiction over Yale University, a foreign defendant.  *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).  Here, Plaintiffs allege in their Complaint that Yale University engages in business in this district and has committed the tortious acts complained of in this district.   DE 1 at ¶ 10.  A defendant may disprove a plaintiff's showing of personal jurisdiction with appropriate affidavits and, through such rebuttal, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction."  *Stubbs*, 447 F.3d at 1360.  Yale University has filed an extensive affidavit disputing the Court's personal jurisdiction over it in the Motion to Dismiss presently before the Court.

Yale University alleges in its affidavit, *inter alia*:

1. Yale University does not have any Florida offices or campuses, nor does it own or lease any property in Florida.

2. Yale University has no relationship with Plaintiffs, either academically or competitively.

3. Yale University's website contains general biographical information about its employees.  One of Yale University's employees is Defendant Dr. Novella.

2

4. The biographical information on Dr. Novella on Yale University's website included, prior to this suit, a hyperlink to the sciencebasedmedicine.org website.

5. Other than the aforementioned hyperlink, Yale University has no connection with sciecebasedmedicine.org or the disputed article in this case.

6. Yale University's connection with the state of Florida is similar to the connection that any other nationally renowned university possesses. For example, many of its students originate from Florida, some of its merchandise and books are sold in Florida, and university researchers speak and attend conferences in Florida. Many donors to the university reside in Florida as well.

DE 66 at Exhibit 1. Essentially, Yale University asserts that its only connections with the events that gave rise to this suit are that (i) one of its employees is the author of the disputed article and (ii) a biographical page for the employee on Yale University's website included a hyperlink to the website that published the disputed article. *See id.* The Court finds that the facts contained in Yale University's affidavit are persuasive and *does* shift the burden to Plaintiffs to prove that the Court has personal jurisdiction over Yale University.

In response, Plaintiffs have filed an affidavit that argues the following, *inter alia*:

1. Substantial activities which give rise to this action occurred in this district.

2. Yale University knowingly committed tortious actions in this district which caused damages in this district.

3. Yale University knew or should have known that its tortious actions would have an impact in this district.

4. Yale University committed a tortious act by publishing false and defamatory statements on a website that was accessible and accessed in this district.

5. Yale University's actions were driven by a desire to harm Plaintiffs and promote Yale University's interests and, therefore, Yale University knowingly published its false, defamatory statements in this district.

6. The disputed article was expressly targeted towards Plaintiffs.

3

      7. Yale University has systemic and continuous business contacts within the State of Florida.

      8. Yale University studies patients in this district.

      9. Yale receives substantial income related to clinical trials conducted in in this district.

      10. Yale University conducts fundraising, recruits students, and recruits athletes in this district and conducts conferences and other engagements here as well. Yale University maintains a website accessible in this district.

DE 78 at Exhibit 1. Therefore, in contrast to the specific facts relevant to personal jurisdiction provided by Yale University, Plaintiffs' counter-affidavit is generalized and focuses on (i) the tortious conduct that is the subject of its claims and (ii) the substantial contacts that Yale University has with Florida that are unrelated to the present suit. *See id.*

While Plaintiffs' allegations are certainly pertinent in the context of the person or entity that authored the alleged defamatory statements, Plaintiffs' allegations are less pertinent in refutation of the specific jurisdictional facts alleged by Yale University in its affidavit in opposition. More specifically, Yale University has alleged that its only contact with the present litigation is that a single hyperlink was located on a biographical page of one of its faculty members. As to this contention, Plaintiffs' counter-affidavit is nonresponsive. For this reason, the Court finds that an evidentiary hearing is unnecessary to resolve this matter; however, even to the extent a conflict exists between the affidavits and even assuming, for the purposes of any conflict, that Plaintiffs' allegations are true, the Court still finds as a matter of law that it does not have personal jurisdiction over Yale University.

Any analysis of personal jurisdiction begins with two questions: whether personal jurisdiction exists over the non-resident defendant under Florida's long-arm statute and

4

whether the exercise of jurisdiction would violate the Due Process requirement of the Fourteenth Amendment. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Putting aside the matter of Florida's long-arm statute, the Court finds that the exercise of jurisdiction over Yale University would clearly violate due process. Due process personal jurisdiction analysis may take two forms: specific personal jurisdiction and general personal jurisdiction. Because Plaintiffs allege that both specific and general jurisdiction apply to Yale University, the Court considers both of these points in turn.

In specific personal jurisdiction cases, the Court examines: "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Id.* at 1355.

Here, none of the aforementioned elements apply to Yale University. Considering Plaintiffs' claims in the context of Yale University's (essentially) unrefuted affidavit in opposition, Plaintiffs' claims do not arise out of Yale University's contacts with the state of Florida which, *in the context of the instant action*, are close to nonexistent. Moreover, Yale University has not purposefully availed itself of the privileges of conducting activities within the state of Florida, *in the context of the instant action*, by placing a hyperlink on a faculty biographical page to an out-of-state website to which that faculty member contributes to.[1]

---

[1] *E.g. Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1219 n.26 (11th Cir. 2009) (collecting cases from sister circuits that have considered passive websites and due process analysis). Yale University's biographical page did not cause it to purposefully avail itself of the state of Florida's laws, and therefore it did not "invoke[] the benefits and protections of [Florida's] law." *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

5

Finally, based upon the extremely limited relationship that Yale University has with the subject matter of this law suit and the other general facts contained in Yale University's affidavit in opposition, exercising jurisdiction over Yale University would fail to comport with the traditional notions of fair play and substantial justice.[2]

In general personal jurisdiction cases, a Court may exercise personal jurisdiction over a defendant for all claims, regardless of the case-specific contacts that defendant has with the forum state, when the defendant's contacts with the forum state "are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Plaintiffs argue that Yale University's contacts with the state of Florida are so continuous and systematic that it is subject to personal jurisdiction in Florida for all possible claims. Federal courts have repeatedly held, however, that in cases involving personal jurisdiction "over an out-of-state educational institution . . . that the institution is not subject to general personal jurisdiction *where its only contacts with the forum state are its involvement in activities that are typical of a nationally prominent university*." *Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 713-17 (N.D. Tex. 2012) (collecting cases supporting this proposition). Based upon the content of the affidavits presently before the Court, the Court finds no basis to depart from the reasoning discussed in *American University* and finds that Yale University is not subject to general personal jurisdiction in the state of Florida.

---

2 A personal jurisdiction analysis specific to internet websites is unnecessary in this circuit. Although *Zippo Manufacturing Company v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) is a case commonly invoked in the context of personal jurisdiction over out-of-state websites, and although that case utilized a framework tailored specifically for internet commerce, this circuit has declined to adopted *Zippo* and instead utilizes the customary personal jurisdictional analysis for analyzing personal jurisdiction over out-of-state websites. *See Malletier*, 736 F.3d at 1350 n.10.

For all of the foregoing reasons, the Court finds that it does not have personal jurisdiction over Yale University. It is therefore

**ORDERED AND ADJUDGED** that Yale University's Motion to Dismiss [DE 66] is **GRANTED**. Plaintiffs' Complaint is **DISMISSED** as to Defendant Yale University.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of September, 2014.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record