UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDWARD LEWIS TOBINICK M.D., et. al,

CASE NO. 9:14-cv-80781-RJR

Plaintiffs.

v.

STEVEN NOVELLA, M.D., et al,

Defendants
_____/

### DEFENDANT SGU PRODUCTIONS, LLC'S OPPOSITION TO PLAINITFFS' MOTION FOR RECONSIDERATION

Defendant, SGU PRODUCTIONS, LLC, (herein "SGU") by and through their attorneys, hereby file this Opposition to the Motion to for Reconsideration filed by Plaintiffs EDWARD LEWIS TOBINICK M.D., A MEDICAL CORPORATION d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY, INR PLLC d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY, and EDWARD TOBINICK, M.D. (collectively herein PLAINTIFFS), regarding this Court's Order (DE 91) dismissing SGU from the case.

A. <u>LEGAL STANDARD</u>

Plaintiffs' Motion misrepresents the standard of review for a motion for reconsideration, and materially misrepresents the case law with which the motion relies upon. First, the correct and full standard for motion for reconsideration should be provided for the Court. Plaintiffs' state as follows:

> The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp.2d 1340, 1343 (S.D. Fla. 2007).

(see DE 95).

1

The problem with this citation/quotation is that it ends too soon. In fact, Plaintiffs own drafting error shows how premature the quotation ends, wherein Plaintiffs fail to add an ending quotation mark and fail to provide adequate citations to the quoted case. The actual citation and language from the *Instituto* case reads as follows:

> The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. **A motion for reconsideration should raise new issues, not merely address issues litigated previously.**" *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

*Instituto De Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007)(emphasis added).

Plaintiffs' brief and case citations purposefully fall short, and fail to even mention the grounds for reconsideration. Plaintiffs' motion does not state or address any of these grounds. Most importantly though, a **"motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made."** *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)(citations omitted)(emphasis added). Plaintiffs' upset after losing two motions to dismiss (SGU and YALE), are trying to re-argue what has already been presented to this Court. Plaintiffs present nothing new, and are merely trying to reargue the same case law brought up ad nauseam in their opposition brief to the motion to dismiss. (See DE 76).

Courts in this District, including this honorable Court have also made prior recitations of the proper standard for motions for reconsideration.

> "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Id. at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. (citing *Offices Togolais des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at 694).

*Soler v. Yip*, 2014 U.S. Dist. LEXIS 58658 (S.D. Fla. Apr. 28, 2014)(Hon J. Rosenbaum)

> Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. **This prohibition includes new arguments that were previously available, but not pressed**." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted).

*Five for Entm't S.A. v. Rodriguez*, 2013 U.S. Dist. LEXIS 122856, 4-5 (S.D. Fla. Aug. 28, 2013)(emphasis added).

Despite these clear statements of the standard for review on a motion for reconsideration, Plaintiffs filed this brief with inadequate authority and support[1]. In fact, Plaintiffs found it necessary to cite to a 2001 case from D.C., which is neither binding nor relevant to this District.

---

[1] Plaintiffs also failed to comply with Local Rule 7.1(a)(3), wherein there was no meet and confer, nor even an attempt at one, regarding this motion. The undersigned counsel was never contacted prior to the filing of this motion for reconsideration, and Plaintiffs fail to provide a certification at the end of the motion to that effect.

3

B. <u>ANALYSIS</u>

It is important therefore to actually work through these three (3) factors, which Plaintiffs' fail to even state, let alone address.

<u>B.1. An intervening change in the controlling law</u>

This was clearly not raised nor at issue in the brief, and thus resolves in favor of SGU, and the denial of the motion for reconsideration. Additionally, there has been no change in the law since the Order was issued, or even since Plaintiffs filed their opposition brief.

<u>B.2. The availability of new evidence</u>

This factor was also not raised nor at issue in the brief, and thus resolves in favor of SGU, and the denial of the motion for reconsideration.

<u>B.3. The need to correct clear error or prevent manifest injustice</u>

This final factor is the only possible one which Plaintiffs might seek to crowbar their arguments into. Plaintiffs complain that the Court "overlooks a material factual dispute contained within the parties' affidavits" (DE 95 p.1) and that "there is a material factual dispute as to whether SGU published the statements at issue." (DE 95 p.3). Of course, these arguments for reconsideration do not rise to the level of clear error or manifest injustice.

In an effort to seek reconsideration, through an additional argument for jurisdiction, Plaintiffs double down on their incorrect recitation of the law. Plaintiffs point to *Internet Solutions Corporation v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) and *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008), for the proposition that jurisdiction was present as it relates to SGU. Essentially, Plaintiffs argue that this Court was wrong in either

4

applying or interpreting the case law and that there were facts the Court ignored. Regardless, Plaintiffs have again failed to properly reference these cases.

First, Plaintiffs argue that this Court's Order "did not address the governing authority" regarding *Internet Solutions* and *Licciardello*. (DE 95 p.1). The only reason SGU can find for such an odd argument by Plaintiffs, is simply a failure to read the Court's supporting case law cited in its Order. The Order clearly relies on one of the most recent Eleventh Circuit Court of Appeals cases on this jurisdictional topic, namely *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (1 1th Cir. 2013) (DE 91 p.4). Importantly, the *Louis Vuitton* case specifically cites to and references both the *Internet Solutions* and *Licciardello* cases. (See *Louis Vuitton* at 1353-54). As a result, SGU is baffled how Plaintiffs could believe that this Court did not consider those cases, merely because they were not actually cited to in the Order. Moreover, SGU's own motion to dismiss reply brief (DE 80 p.7) addresses the applicability of *Louis Vuitton*, and the narrowing effect it had on *Licciardello*. As a result, for Plaintiffs to argue that the Order did not address the case law is simply wrong and insulting.

In an effort to further entertain the circus that this motion for reconsideration represents, SGU will again, actually address the *Internet Solutions* and *Licciardello* cases. Due to the multiple grounds of dismissal that SGU sought in its motion to dismiss (DE 59) and again in the subsequent reply brief (DE 80), SGU did not spend substantial time disarming the improper analysis presented by Plaintiffs regarding *Internet Solutions* and *Licciardello*. (See however DE 80, p.7). However, co-Defendant Dr. Steven Novella's reply brief in support of his motion to dismiss (DE 84) spends substantial time educating Plaintiffs about their incorrect position. SGU is confident that this Court reviewed those arguments. In an effort to remind the Plaintiffs about the correct status of the law, including the applicability of

5

those cases, and the limitations they have, SGU includes the following important takeaway concepts:

> Plaintiffs rely extensively on *Internet Solutions Corp. v. Marshall*, 39 So.3d 1201 (Fla. 2010), but Plaintiffs clearly do not understand the facts or the law of that case. They wish that the case stood for the proposition that posting allegedly defamatory on the Internet establishes jurisdiction. ECF 77 at 6. However, that is not the case at all. "We conclude that posting defamatory material on a website alone does not constitute the commission of a tortious act within Florida for purposes of section 48.193(1)(b), Florida Statutes. Rather, the material posted on the website about a Florida resident must not only be accessible in Florida, but also be accessed in Florida in order to constitute the commission of the tortious act of defamation within Florida under section 48.193(1)(b)." *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1203 (Fla. 2010) (emphasis in original). Even then, all that Internet Solutions analyzed (at the Florida Supreme Court) was whether such conduct satisfied the Florida Long Arm statute. *Id.* That case was initially filed in the Middle District of Florida, which held that the defendant's conduct fit the long arm statute, but not the due process clause. *Internet Solutions Corp. v. Marshall*, 2008 U.S. Dist. LEXIS 28261, 2008 WL 958136 (M.D. Fla. Apr. 7, 2008). The plaintiff appealed to the 11th Circuit, which declined to rule on the substantive issues until the Florida Supreme Court answered the certified question on the Florida Long Arm statute. It did, and remanded the case back to the 11th Circuit, which sent it back to the Middle District, holding just as it should here – that even if the defendant's conduct fit the Long Arm statute, it did not fit the due process clause. *Internet Solutions Corp. v. Marshall*, 2010 U.S. Dist. LEXIS 145503 (M.D. Fla. Sept. 29, 2010).

(See DE 84 p.5-6).

C. <u>ATTORNEY'S FEES</u>

It is apparent that Plaintiffs' motion for reconsideration is meritless. This motion was brought in bad faith and in an attempt to bring forth frivolous arguments. A simple reading of this Court's Order, and the case law which it relied upon reveals that the only complaint raised by Plaintiffs was that the Court didn't reference purportedly governing authority. This is incorrect for two reasons, (1) the *Internet Solutions* and *Licciardello* cases raised by Plaintiffs is not the most recent governing authority and (2) the *Louis Vuitton* case referenced by this Court in the Order actually cites to, addresses **and narrows** the findings from those complained about cases. Based upon this frivolous filing by Plaintiffs, SGU demands that it be awarded its attorney's fees for this wasted exercise.

6

> A court may award attorney's fees and costs as a sanction for bad-faith litigation pursuant to the court's inherent authority. *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51-53, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). Invocation of this inherent power serves the dual purpose of (1) vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and (2) making the prevailing party whole for expenses caused by his opponent's obstinacy. *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (citing Chambers, 501 U.S. at 46). Due to their potency, though, a court's "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. The key to invoking inherent authority is a finding of bad-faith conduct. *See Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir.2001), abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998). Bad-faith conduct can be demonstrated by a party's knowing or reckless raising of a frivolous argument, by a party's harassment of an opponent, by a party's delay or disruption of a proceeding, or by a party's hampering of the enforcement of a court order. *Byrne*, 261 F.3d at 1121 (citing *Barnes*, 158 F.3d at 1214). In determining the propriety of a bad-faith fee award, the inquiry focuses "primarily on the conduct and motive of a party." *Rothenberg v. Security Mgmt. Co.*, 736 F.2d 1470, 1472 (11th Cir. 1984).

*BLANCO GmbH + Co. KG v. Vlanco Indus.*, LLC, 992 F. Supp. 2d 225, 1257-1258 (S.D. Fla. 2014).

### III.   Conclusion

For the foregoing reasons, SGU requests that Plaintiffs' Motion for Reconsideration be denied, and that it be awarded its attorney's fees.

Date: October _7_, 2014                    Respectfully submitted,


                                              By: _/s/ *Darren J. Spielman*_
Darren J. Spielman (Fla. Bar # 010868)
Dspielman@complexip.com
Robert C. Kain, Jr. (Fla. Bar # 266760)
Rkain@complexip.com
Kain & Associates, Attorneys at Law P.A.
900 Southeast Third Avenue, Suite 205
Fort Lauderdale, FL 33316
Tel: 954-768-9002
Fax: 954-768-0158
Attorneys for SGU PRODUCTIONS, LLC

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this _7th__day of October 2014, the foregoing documents was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

                                              _/s/ *Darren J. Spielman*_

                                              Darren Spielman

**SERVICE LIST**

Alexander D. Brown
Peter G. Hermann
Salvatore H. Fasulo
Tripp Scott, P.A.
Attorneys for Plaintiffs
110 Southeast 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Tel: (954) 525-7500
Fax: (954) 761-8475
adb@trippscott.com
pgh@trippscott.com
shf@trippscott.com
ele@trippscott.com
rep@trippscott.com

Marc J. Randazza
Randazza Legal Group
Attorney for Steven Novella, M.D.
3625 S. Town Center Drive
Las Vegas, NV 89135
Tel: (702) 420-2001
Fax: (305) 437-7662
ecf@randazza.com

Edward S. Polk
Jeanne K. Spital
Cole, Scott & Kissane, P.A.
Attorneys for Science-Based Medicine, Inc.
9150 South Dadeland Blvd., Suite 1400
P.O. Box 569015
Miami, FL 33256
Tel: (305) 350-5338
Fax: (305) 373-2294
Edward.polk@csklegal.com
Jeanne.spital@csklegal.com

Kimberly J. Freedman
Kimberly Freedman (Florida Bar # 71826)
Coffey Burlington, P.L.
2601 South Bayshore Drive, Penthouse
Miami, FL 33133
Tel.: (305) 858-2900
Fax: (305) 858-5261
kfreedman@coffeyburlington.com