UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDWARD LEWIS TOBINICK M.D., A
MEDICAL CORPORATION d/b/a THE
INSTITUTE OF NEUROLOGICAL
RECOVERY, a California Medical Corporation;
INR PLLC d/b/a INSTITUTE OF
NEUROLOGICAL RECOVERY, a Florida
professional limited liability company; and
EDWARD TOBINICK, M.D., an individual,

       Plaintiffs,

v.

STEVEN NOVELLA, M.D., an individual;
YALE UNIVERSITY, a Connecticut corporation;
SGU PRODUCTIONS, LLC, a Connecticut
limited liability company; and SOCIETY FOR
SCIENCE-BASED MEDICINE, INC., a Florida
corporation,

       Defendants.
_____/

CASE NO. 14-CIV-80781-RLR

**PLAINTIFFS' REPLY TO MOTION FOR RECONSIDERATION
OF ORDER GRANTING SGU'S MOTION TO DISMISS [D.E. 91]**

Plaintiffs, EDWARD LEWIS TOBINICK M.D, A MEDICAL CORPORATION d/b/a THE INSTITUTE OF NEUROLOGICAL RECOVERY, INR PLLC d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY, and EDWARD TOBINICK, M.D., through undersigned counsel, hereby file this Reply to Plaintiff's Motion for Reconsideration of Order Granting Defendant, SGU PRODUCTIONS, LLC'S ("SGU"), Motion to Dismiss [D.E. 91], and state:

**INTRODUCTION**

Despite SGU's inappropriate, unprofessional, and downright venomous attacks on Plaintiffs' counsel in an attempt to convince this Court that Plaintiffs have pursued reconsideration in bad faith, at its core, SGU's opposition to Plaintiffs' Motion is simply a

disagreement with Plaintiffs' views on the interpretation and applicability of the cited case law. By moving for reconsideration, Plaintiffs merely seek to explain how Plaintiffs respectfully believe the Court committed clear error in order to prevent what Plaintiffs believe to be manifest injustice. Such efforts have clearly not been undertaken in bad faith and SGU's disdain for Plaintiffs' position does not make it so. As detailed below, Plaintiffs maintain that reconsideration of the Court's Order granting SGU's Motion to Dismiss is necessary.

### A. Legal Standard

While Plaintiffs admit their error in inadvertently omitting the last two sentences regarding the standard for reconsideration pursuant to *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340 (S.D. Fla. 2007), such error was not intended to mislead and was harmless, as Plaintiffs' Motion was clearly aimed at correcting clear error and preventing manifest injustice. While SGU attempts to "score points" by stating that the first two grounds justifying a motion for reconsideration (i.e. an intervening change in controlling law or the availability of new evidence) "resolves in favor of SGU, and the denial of the motion for reconsideration" the moving party clearly need show only one ground. *See Soler v. Yip*, 13-22168-CIV, 2014 WL 1669961 (S.D. Fla. 2014). In this case, it is the need to correct clear error and prevent manifest injustice. [1]

Further, SGU contends that Plaintiffs are merely rearguing what has already been presented to the Court because they are "upset" (as if to portray Plaintiffs as children bickering over inconsequential matters). To the contrary, Plaintiffs respectfully argue that clear error and

---

[1] SGU asserts in a footnote that Plaintiffs failed to meet and confer with SGU prior to filing their Motion for Reconsideration. Plaintiffs take seriously this District's meet and confer requirement. However, such a meet and confer would have been unquestionably futile, as it cannot be disputed that SGU would not have consented to the filing of this Motion. Moreover, it is ironic that SGU now claims that such a meet and confer should have taken place when it failed to do the same prior to filing its Motion to Dismiss (which was not solely based on Plaintiffs' alleged failure to state a claim, which would have excused the meet and confer requirement pursuant to L.R. 7.1(a)(3)).

manifest injustice has resulted from Plaintiffs' belief that the Court did not recognize the material issue of fact as to SGU's actions and the conflict between the opposing affidavits, or explicitly address the controlling authority of *Internet Solutions Corp. v. Marshall*, 611 F.3d 1368 (11th Cir. 2010) and *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008). The latter point is of particular significance in light of SGU's misconstrual of the impact of *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013) on *Licciardello*, as discussed below.

### B. The Court Overlooked Governing Authority

SGU chides Plaintiffs by arguing that Plaintiffs have incorrectly recited the law and failed to properly reference *Internet Solutions* and *Licciardello*. SGU states that it is "baffled" by Plaintiffs' "odd argument" that the Court did not address *Internet Solutions* and *Licciardello* because it claims that the case cited by the Court, *Louis Vuitton*, cites to and references those cases. SGU further argues that its own Motion to Dismiss [DE 80 at p.7] addressed "*Louis Vuitton* and narrowing effect it had on *Licciardello*" and thus, Plaintiffs' argument is "simply wrong and insulting." However, it is SGU's misconstrual of *Louis Vuitton* and its bearing on *Internet Solutions* and *Licciardello* that is "simply wrong."

First, *Louis Vuitton* did not "address" *Internet Solutions*. In fact, the only reference that court made to *Internet Solutions* was in a footnote, wherein the court acknowledged that the Florida Supreme Court has acknowledged its court's interpretation of Florida's long-arm statute that "the commission of a tortious act out of state that causes injury to an in-state resident satisfies Florida's long-arm statute." *Louis Vuitton*, 736 F.3d at 1353, n.9. Thus, SGU's argument that this Court "addressed" *Internet Solutions* in its Order by virtue of its discussion of *Louis Vuitton* fails.

Instead, this Court forewent *Internet Solutions*' long-arm statute analysis and focused on

the due process requirement under the Fourteenth Amendment. Plaintiffs respectfully believe this was clear error. *See Cable/Home Commc'n Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (holding the determination of personal jurisdiction over a nonresident defendant requires a <u>two-part analysis</u>. The <u>first step</u> is an analysis of the long-arm statute and the <u>second step</u> is the analysis of due process requirement); *Lindsey v. Champion Home Builders Co., Inc.*, 374 F. Supp. 1005, 1007 (M.D. Ala. 1974) (the determination of personal jurisdiction presents two questions: "First, whether the state long-arm statute authorizes the exercise of jurisdiction over the defendant, and, second, whether the exercise of jurisdiction, if authorized, would violate the due process clause of the Fourteenth Amendment. <u>The Court made it clear that the first question must be answered before the second may even be considered</u>.") (emphasis added). Indeed, had this Court explicitly analyzed *Internet Solutions*, Plaintiffs' respectfully posit that it would likely have found that it had personal jurisdiction over SGU pursuant to Florida's long-arm statute due to the fact that it had to accept as true at the motion to dismiss stage Plaintiffs' allegations that SGU published defamatory material that was accessible in Florida and was actually accessed in Florida, and that SGU directed its actions at a Florida resident. *See, e.g., Ellen S. v. Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994).

As to SGU's argument that this Court addressed *Licciardello*, Plaintiff does not dispute that *Licciardello* was analyzed in *Louis Vuitton*. However, this fact alone does not mean that this Court directly analyzed *Licciardello*, especially in light of *Louis Vuitton*'s narrow holding.

In *Licciardello*, the court found that the non-resident defendant's use of the Florida plaintiff's trademarked name and picture on the defendant's website that was accessible to the public in Florida satisfied the *Calder* "effects test" for personal jurisdiction- the commission of an intentional tort aimed at a specific individual in the forum whose effects were suffered in the

forum. *Id.* at 1288. Thus, due process was satisfied because the plaintiff was a Florida resident and defendant directed his intentional actions towards the plaintiff in the forum state and the defendant knew that harm would be suffered in the forum state. *Id.* at 1285-86.

The *Louis Vuitton* court did not overrule or in any way curtail the "effects test," but rather <u>approved</u> same and held that it is an "additional means" of determining the appropriateness of personal jurisdiction, especially in the case of intentional torts. *Id.* at 1357. In fact, the *Louis Vuitton* court expressly held that it did not need to address the "effects test" because the defendant in that case showed purposeful availment under the traditional minimum contacts test.

Furthermore, SGU argued in its Motion to Dismiss (and reiterated in its Response to the instant Motion) that *Louis Vuitton* narrowed the scope of what constitutes "purposeful availment" in a due process analysis in the context of internet activity and websites. However, the *Louis Vuitton* court made no such finding, but simply noted as dicta that "[w]e are not saying that the mere operation of an interactive website alone gives rise to a purposeful availment *anywhere* the website can be accessed." *Id.* at 1357 (emphasis in original). Indeed, this has <u>never</u> been the law, nor did the *Louis Vuitton* court imply such. Rather, the website needs to also have been <u>accessed in</u> the forum state and the tort needs to have been "calculated to cause injury" to the plaintiff in the forum state. *See Internet Solutions*, 39 So. 3d at 1203 (explaining that in the content of Florida's long-arm statute, to confer personal jurisdiction over a non-resident defendant, "the material posted on the website about a Florida resident must not only be *accessible* in Florida, but also be *accessed* in Florida in order to constitute the commission of the tortious act of defamation within Florida under section 48.193(1)(b).") (emphasis in original); *Licciardello*, 544 F.3d at 1288 (11th Cir. 2008) ("[t]he Constitution is not offended by the exercise of Florida's long-arm statute to effect personal jurisdiction over Lovelady because his

intentional conduct in his state of residence was <u>calculated to cause injury to Carman in Florida</u>.") (emphasis added). Therefore, <u>due to the particular facts in the case</u> (i.e. in addition to the defendant's website accessible in Florida, the defendant had other contacts in Florida through selling and distributing infringing goods through his website to Florida consumers and the cause of action derived from those contacts), the court found purposeful availment for due process <u>under a traditional minimum contacts analysis</u>. *Louis Vuitton*, 736 F.3d at 1358.

Thus, the *Louis Vuitton* court's narrow decision did not limit *Licciardello* in any manner and does not change the paradigm of this case. While this Court referenced *Louis Vuitton* in its Order, it did not give *Licciardello* any particular analysis. Plaintiffs respectfully submit that if it had, it would likely have found that the Constitutional requirement for substantial contacts with the forum would have been satisfied, especially because the offending website was accessed in Florida, SGU's actions were directed at a Florida resident and SGU knew that harm would be suffered in Florida.

### C. Attorney's Fees

In "determining the propriety of a bad-faith fee award, the inquiry focuses primarily on the conduct and motive of a party." *Blanco GmbH+Co. KG v. Vlanco Indus., LLC*, 992 F. Supp. 2d 1225, 1258 (S.D. Fla. 2014), *on reconsideration in part* (May 21, 2014) (internal citation omitted). Due to the potency of sanctions for bad-faith litigation pursuant to the court's inherent authority, these powers must be exercised with restraint and discretion. *Id.* at 1258 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 51–53 (1991).

SGU moves for attorney's fees claiming that Plaintiffs' Motion is meritless and was brought in bad faith in an attempt to bring forth frivolous arguments. It bases this attack on its claim that *Internet Solutions* and *Licciardello* are not the most recent governing authority and

that *Louis Vuitton*, which is cited by the Court's Order, addresses and narrows the findings from those cases.

However, as detailed above, Plaintiffs believe that SGU's interpretation of applicable case law is misguided, and it is possible that SGU's misinterpretation influenced this Court's Order. Plaintiffs' sole motive in moving for reconsideration is to prevent manifest injustice and correct what Plaintiffs respectfully believe to be clear error in the Court's analysis. Plaintiffs believe that their Motion is grounded in reasonable interpretation of case law, based in good faith, and thus, plainly not frivolous. As such, even should the instant Rehearing request be denied, SGU's request for attorney's fees should be denied.

**WHEREFORE**, Plaintiffs request that this Court Reconsider its Order Granting SGU'S Motion to Dismiss, deny the Motion to Dismiss, deny SGU's request for attorney's fees, and grant such other and further relief as it deems just and proper.

Respectfully submitted this 10th day of October 2014.

>TRIPP SCOTT, P.A.
>Attorneys for Plaintiffs
>110 Southeast 6th Street, 15th Floor
>Fort Lauderdale, Florida 33301
>Telephone: (954) 525-7500
>Telecopier: (954) 761-8475
>
>By:  /s/Alexander D. Brown          ,
>Alexander D. Brown
>Fla Bar No 752665
>adb@trippscott.com
>Peter G. Herman
>Fla Bar No 752665
>pgh@trippscott.com
>ele@trippscott.com
>rep@trippscott.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on October 10, 2014, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that a true and correct copy of the foregoing document is being served on this day upon the parties on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF.


By**:**  */s/ Alexander D. Brown*
Alexander D. Brown


## SERVICE LIST

| | |
|---|---|
| Edward S. Polk<br>Jeanne K. Spital<br>COLE, SCOTT & KISSANE, P.A.,<br>**Attorneys for Society for Science-Based Medicine, Inc.,**<br>Dadeland Centre II<br>9150 S. Dadeland Boulevard, 14th Floor<br>Miami, Florida 33156<br>Telephone: (786) 268-6763<br>Facsimile: (305) 373-2294<br>Edward.Polk@csklegal.com<br>Jeanne.Spital@csklegal.com | Marc J. Randazza<br>Randazza Legal Group<br>**Attorneys for Novella**<br>3625 S. Town Center Drive<br>Las Vegas, Nevada 89135<br>Telephone: (702) 420-2001<br>Facsimile: (305) 437-7662<br>ecf@randazza.com |
| Andrew H. Marks<br>Kimberly Freedman<br>Coffey Burlington, P.L.<br>**Attorneys for Yale University**<br>2601 South Bayshore Drive<br>Miami, Florida 33133<br>Telephone: (786) 268-6763<br>Facsimile: (305) 373-2294<br>amarks@coffeyburlington.com<br>kfreedman@coffeyburlington.com | Jeffrey R. Babin<br>John M. Doroghazi<br>Wiggin and Dana LLP<br>**Attorneys for Yale University**<br>265 Church Street<br>P.O. Box 1832<br>New Haven, CT 06508-1832<br>Telephone: (203) 498-4400<br>Facsimile: (203) 782-2889<br>jbabbin@wiggin.com<br>jdoroghazi@wiggin.com |
| Darren Spielman | |

| | |
|---|---|
| Robert Kain<br>Kain & Associates<br>**Attorneys for SGU Productions, LLC**<br>900 S.E. 3rd Ave., Suite 205<br>Fort Lauderdale, FL 33316<br>Telephone: (954)-768-9002<br>Facsimile: (954) 768-0158<br>rkain@complexip.com<br>dspielman@complexip.com | |