UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-80781-ROSENBERG/BRANNON

EDWARD LEWIS TOBINICK, MD,
et al,

    Plaintiffs,

v.

M.D. STEVEN NOVELLA, et al,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs' Motion for Reconsideration of Order Granting SGU's Motion to Dismiss [DE 95]. The Court has reviewed the Motion, the response,[1] the reply, and the record in this case, and denies the Motion for the reasons set forth below.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new

---

[1] The Court notes that Defendant SGU Productions requests attorney's fees, in light of its contention that the Plaintiffs' Motion for Reconsideration is frivolous and was filed in bad faith. *See* DE 96 at 6–7. While the Court denies Plaintiffs' Motion, it does not believe the Motion was filed in bad faith. Moreover, a court's inherent power to award attorney's fees and costs as a sanction for bad-faith litigation "must be exercised with restraint and discretion." *See Blanco GmbH+Co. KG v. Vlanco Indus., LLC*, 992 F. Supp. 2d 1225, 1258 (S.D. Fla. 2014) (internal quotation marks omitted). Accordingly, the Court declines to award attorney's fees.

1

evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at 694). On the other hand, "[a] 'motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made.'" *Id.*

Here, Plaintiffs admit that the only possible ground upon which the Motion can be granted is the third. The Court finds that Plaintiffs have failed to raise a plausible argument that there was clear error or manifest injustice in the Court's Order Granting SGU Productions' Motion to Dismiss [DE 91]. Rather, Plaintiffs simply repeat arguments they previously raised, and which were addressed, either directly or indirectly, in the Court's Order. This is insufficient. Accordingly, it is hereby

**ORDERED and ADJUDGED** that Plaintiffs' Motion for Reconsideration of Order Granting SGU's Motion to Dismiss [DE 95] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 30th day of December, 2014.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record