UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-80781-ROSENBERG/BRANNON

EDWARD LEWIS TOBINICK, MD, et al.,

    Plaintiffs,

v.

M.D. STEVEN NOVELLA, et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT SOCIETY FOR SCIENCE-BASED MEDICINE'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO 15 U.S.C. § 1117

**THIS CAUSE** is before the Court upon Defendant Society for Science-Based Medicine, Inc.'s Motion for Attorney Fees and Costs Pursuant to 15 U.S.C. § 1117 [DE 176] ("the Motion"), filed herein on May 15, 2015. The Motion is fully briefed. The Court has carefully considered the Motion, the Response, and the Reply, and is otherwise fully advised in the premises.

Because the Court concludes that Plaintiffs did not pursue their Lanham Act claim in a malicious, fraudulent, deliberate, or willful manner, such that this case could be considered the "exceptional" case to merit an award of attorney fees, the Court denies the Motion.

### I.    BACKGROUND

On August 18, 2014, Defendant Society for Science-Based Medicine, Inc. ("the Society") filed its Motion to Dismiss Amended Complaint, for More Definite Statement or for Summary Judgment [DE 74]. On January 26, 2015, the Court converted the Motion into a motion for summary judgment. *See* DE 120. The Court held a hearing on the converted Motion on February 6, 2015. On March 16, 2015, the Court granted the Motion in part. *See* DE 157. In its Order

1

granting the Motion in part, the Court found in favor of the Society on Plaintiffs' Lanham Act false advertising and unfair competition claims, ultimately concluding that the allegedly false and/or defamatory statements attributed to the Society did not constitute commercial speech. *See* DE 157 at 9. The Court dismissed Plaintiffs' defamation claims against the Society, giving Plaintiffs leave to refile their claims in a separate suit after providing the Society with proper pre-suit notice. *See id.* at 19. The Society then moved to recover its attorney's fees and costs for the Lanham Act claim.

## II.    LEGAL STANDARD

Under the Lanham Act, a court may award a prevailing party reasonable attorney fees "in exceptional cases." 15 U.S.C. § 1117(a). "While Congress has not further defined 'exceptional,' the legislative history of the Act suggests that exceptional cases are those where the infringing party acts in a malicious, fraudulent, deliberate, or willful manner." *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) (internal quotation marks omitted). An "exceptional" case may also be one in which "evidence of fraud or bad faith exists." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (internal quotation marks omitted).

## III.   ANALYSIS

The Society argues that Plaintiffs pursued a claim under the Lanham Act knowing it to be frivolous. To bring a false advertising claim under the Lanham Act, a plaintiff must plead, *inter alia*, that the offensive speech occurred "in commercial advertising," which requires that the speech itself be commercial. *See* 15 U.S.C. § 1125(a)(1)(B); *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1535–36 (S.D.N.Y. 1994). According to the Society, its speech was clearly non-commercial, rendering Plaintiffs' Lanham Act claim against

the Society meritless. *See* DE 176 at 5. Because "an adequate pre-filing investigation" would have alerted Plaintiffs to this fact, the Society argues, Plaintiffs' Lanham Act claim was brought in bad faith. *Id.* at 4–5. The Society also takes issue with the way Plaintiffs managed their case, contending that Plaintiffs pursued their Lanham Act claim against the Society long after they were aware of its deficiencies.

The Court disagrees, and concludes that this is not the "exceptional" case to merit an award of attorney fees. First, the Court's decision on this issue was not as expeditious as the Society's papers imply. The Court ruled on the Society's motion over six months after it was filed, after ruling on three other motions to dismiss. The Court considered the issues important enough to merit oral argument. Moreover, the Court did not resolve the Lanham Act issues upon a motion to dismiss; rather, the Court converted the motion to dismiss into a motion for summary judgment and considered dozens of exhibits submitted by both Plaintiffs and the Society before reaching its decision. Second, although the Society argues that Plaintiffs should have known from the case's inception that the Society's speech was non-commercial, the reality is that the issue was not as straightforward as the Society would suggest, as evidenced by the Court's lengthy and detailed ruling on the issue. Furthermore, the Court's Order on the Society's motion was the first substantive ruling on a Lanham Act claim. It is not as if, prior to the Court's ruling on the Society's motion, Plaintiffs had reason to know how the Court would rule. The Society's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Society for Science-Based Medicine, Inc.'s Motion for Attorney Fees and Costs Pursuant to 15 U.S.C. § 1117 [DE 176] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this <u>6th</u> day of August, 2015.

*[signature]*

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE