## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:14-CV-80781 ROSENBERG/BRANNON

EDWARD LEWIS TOBINICK, M.D., et al.,

      Plaintiffs,

v.

STEVEN NOVELLA, M.D.,

      Defendant.

                              /

### ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS AND PLAINTIFFS' MOTION TO VACATE ANTI-SLAPP ORDER UNDER RULE 60(b)

**THIS CAUSE** comes before the Court on Plaintiffs' Corrected Rule 37 Motion for Sanctions [DE 260] and Plaintiffs' Corrected Rule 60(b) Motion for Relief from June 4, 2015 Order and Sanctions [DE 261], both filed on September 1, 2015. The Court has considered the motions, responses, and reply. It has also reviewed the case file and is otherwise advised in the premises. In the two pending motions, Plaintiffs allege that Defendant offered false testimony to this Court. They ask the Court to vacate its order of June 4, 2015, which struck some of Plaintiff Edward Lewis Tobinick, M.D.'s claims under California's Anti-SLAPP Statute. *See* DE 193. They also ask the Court to grant them leave to amend their complaint, to extend discovery, and to grant sanctions against Defendant, including a default judgment and attorney's fees.

Plaintiffs seek relief from this Court's Anti-SLAPP order under Federal Rule of Civil Procedure 60(b), which allows a court to vacate a prior order if it finds criteria listed in one of six provisions. Plaintiffs do not specify which provision they are invoking. *See* DE 261 at 10. Given that the motion is based on allegations of false testimony, the most appropriate provision is 60(b)(3), i.e., "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

1

misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3); *see, e.g., Rembrandt Vision Tech., L.P. v. Johnson & Johnson Vision Care, Inc.*, 300 F.R.D. 694, 699-700 (M.D. Fla. 2014) (discussing 60(b)(3) in relation to allegations of false testimony). "To prevail on a 60(b)(3) motion, the movant must 'prove[ ] by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct.'" *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000)). "Additionally, 'the moving party must [ ] show that the conduct prevented the losing party from fully and fairly presenting his case or defense.'" *Id.* (quoting *Frederick*, 205 F.3d at 1287).

Plaintiffs also seek sanctions under Rule 37(b), which empowers the court to "impose broad sanctions for discovery-related abuses." *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 656 (M.D. Fla. 2007). To enter a default judgment as a sanction, as requested by Plaintiffs, a court must make a finding of willfulness or bad faith, and find that less drastic sanctions would not ensure compliance. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Additionally, Plaintiffs seek to invoke this Court's inherent power to sanction. *See* DE 260 at 9; DE 261 at 10. These inherent powers "allow[] a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). However, inherent powers must be exercised with restraint and discretion and only upon a finding of bad faith. *See id.*; *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *Gonzalez v. Bus. Rep. Int'l, Inc.*, 248 F.R.D. 644, 646 (S.D. Fla. 2008).

The Court finds that Plaintiffs have failed to show that relief is warranted under any of these standards. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      Plaintiffs' Corrected Motion for Rule 37 Sanctions [DE 260] is **DENIED**.

2.      Plaintiffs' Corrected Motion for Rule 60(b) Relief from June 4, 2015 Order and for Sanctions [DE 261] is **DENIED**.

3.      Plaintiffs' Rule 60(b) Motion for Relief from June 4, 2015 Order and Sanctions [DE 258] and Rule 37 Motion for Sanctions [DE 259] are **DENIED** as moot, in light of the corrected motions filed thereafter.

4.      Defendant's Motion for Leave to File Surreply [DE 270] is **DENIED** as moot.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this <u>15th</u> day of September, 2015.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE