UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-80781-RLR

EDWARD TOBINICK, M.D., an individual, )
et al.,                                )
                                       )
              Plaintiffs,              )
                                       )
       vs.                             )
                                       )
STEVEN NOVELLA, M.D., an individual,   )
                                       )
              Defendant.               )
                                       )
                                       )

**PLAINTIFFS' MOTION SEEKING DENIAL OF OBJECTION TO CONTEMPLATED EXHIBITS, WHICH COULD OTHERWISE AFFECT SUMMARY JUDGMENT**

Plaintiffs Edward Lewis Tobinick, M.D., A Medical Corporation d/b/a The Institute of Neurological Recovery, INR PLLC d/b/a Institute of Neurological Recovery, and Edward Tobinick, M.D. ("Plaintiffs") file this motion seeking a denial of an objection to contemplated exhibits, which could impact the Court's pending summary judgment ruling. In support Plaintiffs state:

**Introduction to the Issue**

1.  This issue just came to light in the pretrial stipulation efforts, due to an objection that Defendant made to contemplated exhibits by Plaintiffs, which objection alleges that evidence procured on April 9, 2015 in New York City from Jay Novella, Defendant's brother, was in violation of the bar rules prohibiting communication with represented persons. As set forth below, Plaintiffs do not believe that the objection has merit given, *inter alia*: (a) Jay Novella not being a party to the case,[1] (b) the lack of any formal or informal counsel appearance when demand letters were sent to

---

[1] On May 11, 2015, Plaintiffs sought to file a Second Amended Complaint making Jay Novella a defendant, but leave was denied. No counsel ever appeared or otherwise surfaced for Jay Novella.

1

Jay Novella before April 9, 2015, (c) receipt of actual notice in February 2015 from SGU Productions, LLC's ("SGU") attorney Darren Spielman ("Spielman") that he was no longer representing SGU given that it was dismissed from the case[2] (Exhibit A hereto), (d) the lack of counsel appearance on behalf of Jay Novella while Plaintiffs were attempting to serve him with a deposition subpoena for his August 24, 2015 deposition, (e) specific direction by Defendant's counsel that he contemplated, but declined to represent Jay Novella in or around August 2015 (Exhibit B hereto), and, (f) Jay Novella's privilege log did not identify any lawyers other than Mr. Randazza (Exhibit C hereto), who told Plaintiffs he did not represent Jay Novella.[3]  However, in an abundance of caution and candor, Plaintiffs submit that resolution of the issue could affect this Court's ruling on summary judgment and material evidence for trial.

### The Declaration and Recording at Issue

2.     Defendant made an objection to a declaration of Alexander Hahl, [Dkt. No. 272-31], and a recording that he made on April 9, 2015 of Workshop 3B entitled "Social Media, Science & Skepticism," Leaders Brian Wecht & Jay Novella, at a public event in New York City. http://necss.org/necss-2015/schedule/.  Jay Novella was not a defendant in this case and neither was Brian Wecht.  Jay Novella and Brian Wecht addressed the audience at the public event, which was open to the public and the press, which Alexander Hahl attended and recorded.

3.     Alexander Hahl is not a lawyer and made that recording at the direction of his father, Robert Hahl, a lawyer admitted to practice in another jurisdiction, who has represented Plaintiffs in other matters. Alexander Hahl made that recording not at the direction of and without the knowledge

---

[2] SGU submitted affidavits when it moved for dismissal, but none were authored by Jay Novella. DE 48-1, 59-1. Similarly, there was no suggestion that Jay Novella was a constituent of the Society for Science-Based Medicine, Inc. See DE-74 and exhibits thereto. Jann Bellamy (who apparently is a Florida lawyer) submitted a declaration as an officer/fact witness; there was no suggestion she was representing any party, let alone Jay Novella.

[3] Referring to Jay Novella, Mr. Randazza's August 14, 2015 email at 1:51 P.M. states: "let his lawyer file a motion to quash." Mr. Randazza did not identify the lawyer or state how long Jay Novella had supposedly been represented. Shortly thereafter, Denise Savage, Esq. proposed to represent Jay Novella at his August 24 deposition, but quickly ceased representing him when her schedule did not permit her availability at the deposition. There was never any suggestion that Ms. Savage was representing Jay Novella for more than a few days. Thereafter, Jay Novella retained Mario Cerame, Esq. for the first time.

2

of Plaintiffs' current counsel of record or former counsel of record at the time. Alexander Hahl's father told him not to ask Jay Novella any questions.

4. However, after Jay Novella was finished with the main portion of his public presentation, at approximately 1 hour and 5 minutes into the recording, Alexander Hahl asked Jay Novella a question, which Alexander Hahl recorded, both the question and answer. Alexander Hahl signed a declaration authenticating the transcript of his recording of Jay Novella. [Dkt. No. 272-31]. The declaration includes 7 pages of Jay Novella's and Mr. Wecht's comments (through paragraph 47 of the declaration) until Mr. Hahl asked his question (in paragraph 48) and obtained his answer. [Dkt. No. 272-31]. The first 1 hour and 5 minutes of the recording of the workshop, reflected by selected comments included through paragraph 47 of the declaration, prior to any question posed by Alexander Hahl, address issues directly relevant to this litigation.

### The Recording Introduced at Jay Novella's Deposition

5. In an August 24, 2015 deposition of Jay Novella, Jay Novella and his Counsel, Mario Cerame, was presented with the recording by Alexander Hahl and his declaration. [Dkt. Nos. 260, at Ex. 10, 261, at Ex. 10]. Mr. Cerame had been retained by Jay Novella for less than two weeks. Separate counsel for Steven Novella was present at the deposition. The deposition transcript discusses the recording and attaches the recording as two exhibits to the deposition, a shorter version and a more complete version. [Dkt. Nos. 260, at Ex. 10, 100:14-114:13, 261, at Ex. 100:14-114:13]. Plaintiffs' summary judgment opposition filing incorporates and makes references to the Hahl declaration, and includes the entire Jay Novella transcript, including the part of the transcript where the recording is discussed. [*See*, *e.g.*, Dkt. No. 272 at SMF, ¶3, and Dkt. No. 272-21, at p. 7].

### The Pretrial Conference

6. On September 21, 2015, and as part of the pretrial conference preparation, Plaintiffs provided Defendant with contemplated trial exhibits, which included the Alexander Hahl declaration and his recordings of Jay Novella. On September 25, 2015, Defendant (for the first time) noted an objection to these contemplated trial exhibits, including allegations of procurement in violation of the rules prohibiting communication with represented persons, Fla. Bar R. 4-4.2(a). This objection had not been made prior, including not at the Jay Novella deposition.

### The Initial Efforts to Investigate the Objection

7. Since that time, Plaintiffs have investigated the objection. As stated above, Plaintiffs do not believe that the objection has merit given, *inter alia*: (a) Jay Novella not being a party to the

case,[4] (b) the lack of any formal or informal counsel appearance when demand letters were sent to Jay Novella before April 9, 2015, (c) receipt of actual notice in February 2015 from SGU Productions, LLC's ("SGU") attorney Darren Spielman ("Spielman") that he was no longer representing SGU given that it was dismissed from the case[5] (Exhibit A hereto), (d) the lack of counsel appearance on behalf of Jay Novella while Plaintiffs were attempting to serve him with a deposition subpoena for his August 24, 2015 deposition, (e) specific direction by Defendant's counsel that he contemplated, but declined to represent Jay Novella in or around August 2015 (Exhibit B hereto) and, (f) Jay Novella's privilege log did not identify any lawyers other than Mr. Randazza (Exhibit C hereto), who told Plaintiffs he did not represent Jay Novella.[6]

8.  In addition, New York law is a one-party consent state---allowing Mr. Hahl to tape communications to which he is a party or intended recipient. N.Y. Penal Law §§ 250.00, 250.05. Neither Jay Novella nor Brian Wecht had a reasonable expectation of privacy at the event and Defendant did not assert a privacy objection in the pretrial stipulation exhibit list regarding the Alexander Hahl declaration and the recordings of Jay Novella.

9.  Nevertheless, in the abundance of caution, Plaintiffs removed the Alexander Hahl declaration and recordings from their contemplated exhibit list pending their investigation, so that Plaintiffs could confer with Defendant on the issue and seek a determination, if needed, by the Court.

---

[4] On May 11, 2015, Plaintiffs sought to file a Second Amended Complaint making Jay Novella a defendant, but leave was denied. No counsel ever appeared or otherwise surfaced for Jay Novella.

[5] SGU submitted affidavits when it moved for dismissal, but none were authored by Jay Novella. DE 48-1, 59-1. Similarly, there was no suggestion that Jay Novella was a constituent of the Society for Science-Based Medicine, Inc. See DE-74 and exhibits thereto. Jann Bellamy (who apparently is a Florida lawyer) submitted a declaration as an officer/fact witness; there was no suggestion she was representing any party, let alone Jay Novella.

[6] Referring to Jay Novella, Mr. Randazza's August 14, 2015 email at 1:51 P.M. states: "let his lawyer file a motion to quash." Mr. Randazza did not identify the lawyer or state how long Jay Novella had supposedly been represented. Shortly thereafter, Denise Savage, Esq. proposed to represent Jay Novella at his August 24 deposition, but quickly ceased representing him when her schedule did not permit her availability at the deposition. There was never any suggestion that Ms. Savage was representing Jay Novella for more than a few days. Thereafter, Jay Novella retained Mario Cerame, Esq. for the first time.

**Further Efforts to Investigate the Objection as a Result of the Meet and Confer**

10. During the meet and confer on this motion, Defendant represented that "Attorney Spielman" was representing SGU on April 9, 2015 (the implication is that Jay Novella was allegedly within the scope of the SGU privilege). That representation by Defendant is at odds with the February 2015 letter Spielman himself sent to Plaintiffs' former counsel, staying that "because of our prior relationship as counsel for SGU Productions, LLC. However, that relationship has terminated, since my client SGU was fully dismissed from the case. We do not currently represent SGU Productions, LLC, and will not be responding to your letter." (Exhibit A).

11. During the meet and confer on this motion, Defendant also represented that Alexander Hahl would have had to sign a sheet at the April 9, 2015 public conference binding him not to record Jay Novella's workshop, and that Defendant would produce such a sign in sheet. However, Defendant did not produce any document or other proof. Moreover, from what Plaintiffs are able to investigate, it does not appear that Alexander Hahl would have been obligated to not record Jay Novella's workshop, given the absence of any such restriction on: (a) the "conduct policy," http://necss.org/conduct-policy/; (b) the ticket Alexander Hahl received (Exhibit D); and, (c) the various registration emails Alexander Hahl received (Composite Exhibit E). Indeed, one of the emails from the workshop itself stated: "We ask that all attendees in the general seating area please refrain from using laptop, iPads, tablets, or other large-screened electronic device during conference programming so as not to obstruct the view of other attendees. We will set aside a 'laptop friendly' section of the auditorium, equipped with power strips, for attendees who wish to use a laptop or other large electronic device throughout the duration of the conference." (Composite Exhibit E at "Important details about your NECSS 2015 registration"). Thus, it does not appear that Jay Novella would have had any reasonable expectation of privacy or any actual privacy agreement at the workshop Alexander Hahl recorded.

**Conclusions Drawn from Investigation and the Lack of Contrary Evidence**

12. As shown above, Plaintiffs believe that the Jay Novella statements were properly obtained because: (a) Jay Novella and SGU were not actually represented by counsel on April 9, 2015 or Alexander Hahl or his father, Robert Hahl, did not know and had no reason to believe that Jay Novella or SGU were represented by counsel on that date; and, (b) Jay Novella did not have a reasonable expectation of privacy or any actual privacy agreement at the workshop Alexander Hahl

5

recorded.  Plaintiffs will be adding back the recordings to the exhibit list for the pretrial stipulation exhibits.

## Abundance of Caution and Candor

13.     Plaintiffs seek a ruling by this Court concerning whether the Hahl declaration and recording should be excluded.  Plaintiffs asks this Court to deny the objection for the reasons stated above and allow the recordings Alexander Hahl made to be allowed to be added to Plaintiffs' contemplated exhibit list for the purposes of the pretrial stipulation.  But if the Court determines that Mr. Hahl improperly asked Jay Novella a question, Plaintiffs believe that only the statements following the question/answer and deposition testimony directly derivative thereof should be excluded.

14.     If this Court finds that the Hahl declaration and recordings of Jay Novella (or portions thereof) were not procured properly, Plaintiffs submit that the proper remedy is to strike portions of their opposition to Defendant's motion for summary judgment that solely rely upon the offending parts of the Hahl declaration or recording.

15.     Plaintiffs wish to avoid a favorable or unfavorable summary judgment ruling relying on evidence that should be excluded.

WHEREFORE, so as to not affect this Court's summary judgment ruling, Plaintiffs ask this Court to grant this motion and deny the objection and allow the recordings Hahl made to be included into Plaintiffs' contemplated exhibit list for the pretrial stipulation.

## REQUEST FOR HEARING

Pursuant to S.D. Fla. L.R. 7.1(b)(2), Plaintiffs seek a hearing on this motion given the critical nature of the issues.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The Undersigned discussed the issues presented in this motion via email and telephone with counsel for Defendant, but no resolution could be reached.  And as stated above, Defendant provided no proof substantiating the objection or the privacy issue subsequently raised.

Respectfully submitted,

| *s/ Geoffrey M. Cahen* | *s/ Cullin O'Brien* |
|---|---|
| Geoffrey M. Cahen | Cullin O'Brien |
| Fla. Bar No. 0013319 | Fla. Bar No. 0597341 |
| CAHEN LAW, P.A. | CULLIN O'BRIEN LAW, P.A. |
| 1900 Glades Road, Suite 355 | 6541 NE 21st Way |

6

| | |
|---|---|
| Boca Raton, Florida  33431<br>Telephone: (561) 922-0430<br>Fax: (561) 353-5455<br>E-Mail: geoff@cahenlaw.com | Ft. Lauderdale, Florida 33308<br>Telephone: (561) 676-6370<br>Fax: (561) 320-0285<br>E-Mail: cullin@cullinobrienlaw.com |

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that he filed the foregoing and the accompanying exhibits with the ECF system and served same on defense counsel this September 29, 2015.

*/s/ Cullin O'Brien*
  Cullin O'Brien

Marc John Randazza, Randazza Legal Group
3625 South Town Center Drive Las Vegas, NV 89135 Email: MJR@randazza.com