# EXHIBIT 2

Declaration of
Marc J. Randazza

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDWARD LEWIS TOBINICK, M.D., *et al.*,

    Plaintiffs,

v.

STEVEN NOVELLA, M.D., *et al.*,

    Defendants.

Case No: 9:14-cv-80781-RLR

## DECLARATION OF MARC J. RANDAZZA

I, Marc J. Randazza, do declare under penalty of perjury:

1. I am an attorney licensed in the State of Nevada, as well as California, Arizona, Massachusetts, and Florida.

2. I have a BA from the University of Massachusetts at Amherst, where I focused my studies on media law. I have a JD from Georgetown University Law Center. I also hold a Master's Degree in Mass Communications from the University of Florida, where I also focused on media and First Amendment law studies. Finally, I have an LLM from the University of Turin, Italy.

3. I am the founder and managing partner of Randazza Legal Group, PLLC ("RLG").

4. The primary focus of my practice consists and free speech and First Amendment litigation.

5. I am attorney of record for Defendant, Dr. Steven Novella.

6. As managing partner of RLG, I oversee the billing entries for the firm on this case, utilizing the billing software Bill 4 Time. Attached as Exhibit 3 to Dr. Novella's Motion for Fees are the billing entries for Dr. Novella's case in spreadsheet format.

1

7. True and accurate invoices billed to Dr. Novella are attached to the Motion for Fees as Exhibit 9.

8. Each invoice displays the date of the entry, the attorney, paralegal, or staff performing the work, the description of the work performed, and the amount of time spent performing that activity, as entered into Bill 4 Time, tracked in one-tenths of an hour.

9. Due to my legal expertise and reputation, I have appeared on and written articles for numerous national news sources, including National Public Radio, The New York Times, CNN, Fox Ness, NBC, and Vegas Inc., and I am a regular legal columnist for CNN.

10. I submitted my proposed Anti-SLAPP legislation to the Nevada Senate on March 15, 2013. I was called as a witness before the Nevada State Senate Judiciary committee to testify as an expert on First Amendment law and Anti-SLAPP laws for the benefit of the committee and the Senate in passing this important law. On April 22, 2013, the Nevada Senate voted on my proposed Anti-SLAPP Statute, and it passed **unanimously**. I appeared before the Assembly Judiciary Committee on May 6, 2013. On May 22, 2013, the Nevada Assembly voted on the AntI-SLAPP Statute, which passed the proposed statute unanimously. On May 27, 2013, Governor Brian Sandoval approved the bill.

11. I customarily bill at an hourly rate of $650 to $700 per hour. Upon starting work on the Anti-SLAPP motion, my customarily billed rate was $650 per hour.

12. D. Gill Sperlein is an attorney licensed to practice in the State of California, and he has been practicing law for over 20 years. Mr. Sperlein obtained his BA from Town State University and graduated summa cum laude from American University Washington College of Law. Mr. Sperlein's standard hourly billing rate is $475 per hour and he spent and billed 18.5 hours of work in preparing Dr. Novella's Motion for Fees.  He was assisted by J. Wolman who

RANDAZZA | LEGAL GROUP

2

works of counsel to the firm, bills at a rate of $400.00 per hour and spent 16 hours working on the Motion.

13. My former associate Theresa M. Haar is an attorney licensed to practice in Nevada and New York, and has been practicing for nearly five years. Ms. Haar is a graduate of Yale University and the Benjamin N. Cardozo School of Law. Ms. Haar's standard hourly billing rate while working on Dr. Novella's Anti-SLAPP motion was $360 per hour.

14. My associate Alex Shepard is an attorney licensed in California and Nevada. Mr. Shepard is a graduate of the University of Tennessee at Chattanooga and received his JD from Washington University School of Law in 2013. Mr. Shepard's current standard hourly billing rate is $325 per hour. He spent 9.6 hours working on the motion for fees and other fee collection related work.

15. My former associate Jeremy Robbins is an attorney licensed in Nevada. Mr. Robbins graduated from the University of Nevada Las Vegas William S. Boyd School of Law in 2009. During the time he worked on Dr. Novella's Motion for Fees, Mr. Robbins' standard hourly billing rate was $360 per hour. Mr. Robbins billed 20.1 hours for work on the Motion for Fees.

16. Support staff typically bills at a rate of $50 or $75 per hour. Paralegals bill at a rate of $150 per hour. Some are discounted to $100 per hour. The Firm bills $75 per hour for summer intern Brent Tuttle and he billed .6 hours on this Motion.  Trey Rothell is a paralegal whom the firm bills at a rate of $150 per hour and he billed 11.1 hours on the Motion for Fees.

17. These rates are based on national market rates, as RLG's practice is nation-wide. However, we generally follow the Laffey Matrix (*see* Exhibit 5 to Motion for Fees), with some elevated rates for special matters and we sometimes offer less well-funded clients discounts on our "low bono" or pro bono programs in free speech cases, or we offer our clients terms under which they can pay a portion of the customary bill, but permit us to recover the remainder from our opponents – this is especially the case in SLAPP suits. Furthermore, we

RANDAZZA | LEGAL GROUP

3

do not charge for most customary costs like long-distance phone calls, faxes, copies, and the like, as we build most "costs" into our hourly rates rather than nickel-and-dime our clients for small costs and charges.

18. In multiplying the respective rate by the hours expended working on these matters, the total attorneys' fees incurred in representing Dr. Novella for his Anti-SLAPP motion was $84,717.50.

19. To maximize cost efficiency, I had Mrs. Haar take primary responsibility for investigation, research, and drafting memoranda for this action, while I provided litigation strategy and wrote the final drafts of the motions and pleadings.

20. RLG made every effort to avoid duplication of work and otherwise minimize the fees and costs incurred by Dr. Novella.

21. Researching and briefing Dr. Novella's Anti-SLAPP motion was particularly complex, as the work required a sophisticated jurisdictional analysis and deciphering a great deal of medical literature and terminology to properly argue whether the statements at issue were statements of fact or opinion.

22. RLG's successfully arguing Dr. Novella's case before the Court resulted in a victory not only for Dr. Novella, but for public health and scientific discourse in general.

23. As Dr. Novella could not afford to sustain his defense in this case at RLG's customary rates, RLG offered Dr. Novella a partial contingency agreement in which RLG gave Dr. Novella an overall discounted rate, with the understanding that if Dr. Novella's attorneys were successful they would have the right to collect full fees, based on their full and customary rates.

24. Despite incurring attorneys' fees of $84,717.50 for work in connection with Dr. Novella's Anti-SLAPP motion, RLG charged Dr. Novella only $61,571.00, pursuant to their partial contingency agreement. This means that RLG risked $23,146.50 in work.

25. Since the Court granted Dr. Novella's anti-SLAPP motion against Plaintiff, EDWARD LEWIS TOBINICK, M.D., a Medical Corporation d/b/a THE INSTITUTE OF NEUROLOGICAL RECOVERY, ("TOBINICK") and indicated that it would award fees, I have contacted Tobinick's counsel on numerous occasions in an effort to negotiate a fee amount.  Tobinick's counsel has been unwilling to entertain any such discussion, thereby requiring the filing of this motion.  While each time the matter has been raised, we have provided Attorney Bona with our fees and demand, each request is met with the same response "we have not yet thought about it."

26. Multiple times, I have tried to avoid filing this motion, as Mr. Bona has continued to request that we engage in discussions about resolving the fees, but each request is met with my presentation (at Bona's request) of the amount of fees, and then Mr. Bona refuses to actually discuss the matter.  After delaying for months, Opposing counsel finally told me on August 31, 2015 that they do not believe Defendants are entitled to any fees at all, in spite of the Court's clear statement that Defendant is entitled to fees under the California Anti-SLAPP law. In a transparent attempt to try and evade the already clear order of the Court that Defendant is entitled to fees, Plaintiffs filed an unsupportable Rule 60 motion. True and correct copies of emails I sent and received in an attempt to settle this fee issue are attached to the Motion for Fees as Composite Exhibit 6.

27. I have spent a total of 16.3 hours attempting to resolve the amount of fees and supervising the drafting of the necessary motion.  I have billed Dr. Novella for this work at my current rate of $650.00 an hour.  My hours spent on the issue of the amount of fees, as well as the hours billed by the other members of my firm, are reflected in the billing entries attached to the Fee Motion as Exhibit 3.

28. In addition, the Firm engaged Judge James C. Hauser to serve as an expert. Judge Hauser's fees totaled $5,000.

5

29. The total amount of time spent negotiating the amount of fees and preparing Dr. Novella's Motion for Fees to date has equaled 92.4 billable hours for a total of $31,980.50.

30. Additionally, my firm and myself spent a total of 902.2 hours defending against the Lanham Act claims brought by Plaintiffs against Novella. These hours were billed for a total fee of $289,802.75. *See* Exhibit 3 to the Motion for Fees; *see also* Exhibit 5 to the Motion for Fees.

31. Of those 902.2 hours, 190.75 were billed on or before the date of the Court's March 16, 2015 Order ruling Dr. Novella's article to be not commercial speech. These 190.75 were billed at a total fee of $66,204.00.  See Exhibit 3 to the Motion for Fees; see also Exhibit 11 to the Motion for Fees.

32. Of the 902.2 hours spent defending the Lanham claim, 711.45 were billed after and exclusive of the date of the Court's March 16, 2015 Order ruling Dr. Novella's article to be not commercial speech.  These 711.45 hours were billed for a total fee of $223,598,75.  *See* Exhibit 3 to the Motion for Fees; *see also* Exhibit 5 to the Motion for Fees.

Dated this 29th day of October, 2015

/s/ Marc J. Randazza
Marc J. Randazza