# EXHIBIT 3

Novella Reply to Response
to Fee Motion

No. 15-14889

_____

# In the United States Court of Appeals For the Eleventh Circuit

_____

EDWARD LEWIS TOBINICK, MD, A MEDICAL CORPORATION d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY, INR PLLC, d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY, EDWARD TOBINICK, M.D.,

*Plaintiffs-Appellants,*

v.

STEVEN NOVELLA, M.D., *et al.*

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Southern District of Florida

No. 9:14-cv-80781

Hon. Robin L. Rosenberg

_____

**DEFENDANT-APPELLEE STEVEN NOVELLA, M.D.'S REPLY TO OPPOSITION TO NOVELLA'S MOTION FOR APPELLATE ATTORNEY FEES AND EXPENSES**

_____

MARC J. RANDAZZA
Attorney of Record
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
(702) 420-2001
ecf@randazza.com

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1 and 28.1(b), I hereby certify that the following persons constitute a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Alexander, Judy – attorney for The Center for Investigative Reporting, *amicus*.

2. ALM Media, LLC –*amicus*.

3. American Society of News Editors –*amicus*.

4. Association of Alternative Newsmedia –*amicus*.

5. Babbin, Jeffrey R. – trial counsel for Yale University, Appellee.

6. Bailen, Mark I. – attorney for Society of Professional Journalists, *amicus*.

7. Bloch-Wehba, Hannah – attorney for Reporters Committee for Freedom of the Press, *amicus*.

8. Bloom, Jonathan – counsel for Association of American Publishers, Inc., et al., *amici*.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

9.  Bona, Jarod – trial counsel for Edward Tobinick, M.D., an individual, Edward Lewis Tobinick, M.D. a Medical Corporation, d/b/a The Institute of Neurological Recovery, a California Medical Corporation, INR PLLC d/b/a Institute of Neurological Recovery, a Florida professional limited liability company, Appellants.

10. Bona Law, PC – trial counsel for Edward Tobinick, M.D., an individual, Edward Lewis Tobinick, M.D. a Medical Corporation, d/b/a The Institute of Neurological Recovery, a California Medical Corporation, INR PLLC d/b/a Institute of Neurological Recovery, a Florida professional limited liability company, Appellants.

11. Borg, Jennifer A. – attorney for North Jersey Media Group Inc., *amicus*.

12. Brown, Bruce D. – attorney for Reporters Committee for Freedom of the Press, *amicus*.

13. Burke, Thomas R. – attorney for Online News Association Cornejo, Juan and The McClatchy Company, *amici*.

14. Cahen, Geoffrey Michael – trial counsel for Edward Tobinick, M.D., an individual, Edward Lewis Tobinick, M.D. a Medical Corporation, d/b/a The Institute of Neurological Recovery, a California Medical Corporation, INR PLLC d/b/a Institute of Neurological Recovery, a Florida professional limited liability company, Appellants.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

15. Cahen Law PA – trial counsel for Edward Tobinick, M.D., an individual, Edward Lewis Tobinick, M.D. a Medical Corporation, d/b/a The Institute of Neurological Recovery, a California Medical Corporation, INR PLLC d/b/a Institute of Neurological Recovery, a Florida professional limited liability company, Appellants.

16. California Newspaper Publishers Association, *amicus*.

17. Camens, Barbara L. – attorney for The Newspaper Guild – CWA, *amicus*.

18. Center for Medicine and Law at University of Baltimore School of Law –a public institution of the State of Maryland, *amicus*.

19. Cole, Scott A. – counsel for Society for Science-Based Medicine Inc., Appellee.

20. Cole, Scott & Kissane, P.A. – counsel for Society for Science-Based Medicine Inc., Appellee.

21. Cox Media Group, Inc., *amicus*.

22. Cregan, James – attorney for MPA – The Association of Magazine Media, *amicus*.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

23.  Cullin O'Brien Law, P.A. – trial and appellate counsel for Edward Tobinick, M.D., an individual, Edward Lewis Tobinick, M.D. a Medical Corporation, d/b/a The Institute of Neurological Recovery, a California Medical Corporation, INR PLLC d/b/a Institute of Neurological Recovery, a Florida professional limited liability company, Appellants.

24.  Dietrick, Heather – attorney for Gawker Media, *amicus*.

25.  Dogan, Stacey – Boston University School of Law professor, *amicus*.

26.  Dolin, Gregory – University of Baltimore School of Law professor, *amicus*.

27.  Doroghazi, John M. – trial counsel for Yale University, Appellee.

28.  Ewert, Jim – attorney for California Newspaper Publishers Association, *amicus*.

29.  Faber, Barry – attorney for Sinclair Broadcast Group, Inc., *amicus*.

30.  First Amendment Coalition –*amicus*.

31.  First Look Media Works, Inc. –*amicus*.

32.  Fischer, Jason Allan – trial counsel for Steven Novella, M.D., an individual, Appellee.

33.  Gawker Media LLC –*amicus*.

34.  Giles, David M. – attorney for The E.W. Scripps Company, *amicus*.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

35. Goldberg, Kevin M. – attorney for Counsel for Association of Alternative Newsmedia and American Society of News Editors, *amici*.

36. Goldman, Eric – Santa Clara Law professor, *amicus*.

37. Gott, Aaron – trial counsel for Edward Tobinick, M.D., an individual, Edward Lewis Tobinick, M.D. a Medical Corporation, d/b/a The Institute of Neurological Recovery, a California Medical Corporation, INR PLLC d/b/a Institute of Neurological Recovery, a Florida professional limited liability company, Appellants.

38. Greely, Henry – Stanford Law School professor, *amicus*.

39. Grynberg, Michael – DePaul University College of Law professor, *amicus*.

40. Handman, Laura R. – attorney for Online News Association, *amicus*.

41. Hileman, Mark – attorney for The Boston Globe, LLC, *amicus*.

42. Hyman, David – University of Illinois College of Law professor, *amicus*.

43. INR PLLC d/b/a Institute of Neurological Recovery, a Florida professional limited liability company, Appellant.

44. Investigative Reporting Workshop at American University –*amicus*.

45. Kain Spielman, P.A. – trial counsel for SGU Productions, LLC a Connecticut limited liability company, Appellee.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

46.   Lambert, Michael J. – attorney for Reporters Committee for Freedom of the Press, *amicus*.

47.   Lemley, Mark – Stanford Law School professor, *amicus*.

48.   Leslie, Gregg P. – attorney for Reporters Committee for Freedom of the Press, *amicus*.

49.   Liebesman, Yvette Joy – Saint Louis University School of Law professor, *amicus*.

50.   Lobel, Beth R. – attorney for NBCUniversal Media, LLC, *amicus*.

51.   Lovell, Lance – attorney for Cox Media Group, Inc., *amicus*.

52.   McKenna, Mark – Notre Dame Law School professor, *amicus*.

53.   Media Coalition Foundation –*amicus*.

54.   Moncrieff, Abigail – Boston University School of Law professor, *amicus*.

55.   MPA – The Association of Magazine Media –*amicus*.

56.   National Press Photographers Association –*amicus*.

57.   NBCUniversal Media, LLC – *amicus*.

58.   Newspaper Association of America – *amicus*.

59.   North Jersey Media Group Inc. – *amicus*.

60.   Novella, Steven, M.D., an individual – Appellee.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

61.   O'Brien, Cullin Avram – trial counsel and appellant counsel for Edward Tobinick, M.D., an individual, Edward Lewis Tobinick, M.D. a Medical Corporation, d/b/a The Institute of Neurological Recovery, a California Medical Corporation, INR PLLC d/b/a Institute of Neurological Recovery, a Florida professional limited liability company, Appellants.

62.   Oberlander, Lynn – attorney for First Look Media, Inc., *amicus*.

63.   Osterreicher, Mickey H. – attorney for National Press Photographers Association, *amicus*.

64.   Online News Association – *amicus*.

65.   Polk, Edward Samuel – trial counsel for Society for Science-Based Medicine, Inc., Appellee.

66.   Ram, Natalie – University of Baltimore School of Law professor, *amicus*.

67.   Randazza, Marc J. – trial counsel for Steven Novella, M.D., Appellee.

68.   Randazza Legal Group, PLLC – trial counsel for Steven Novella, M.D., Appellee.

69.   Reporters Committee for Freedom of the Press – *amicus*.

70.   Rich, R. Bruce – counsel for Association of American Publishers, Inc., et al., *amici*.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

71.   Romoser, James – attorney for Society of Professional Journalists, *amicus*.

72.   Rosen, Dana – attorney ALM Media, LLC, *amicus*.

73.   Sanford, Bruce W. – attorney for Society of Professional Journalists, *amicus*.

74.   Schary, Alison – attorney for Online News Association, *amicus*.

75.   Scheer, Peter – attorney for Amendment Coalition, *amicus*.

76.   SGU Productions, LLC, a Connecticut corporation, Appellee.

77.   Silbey, Jessica – Northeastern University School of Law professor, *amicus*.

78.   Sinclair Broadcast Group, Inc. –*amicus*.

79.   Society of Professional Journalists –*amicus*.

80.   Society for Science-Based Medicine, Inc. a Florida corporation, Appellee.

81.   Spielman, Darren Joel – trial counsel for SGU Productions, LLC a Connecticut limited liability company, Appellee.

82.   The American Booksellers for Free Expression – *amicus*.

83.   The Association of American Publishers, Inc. – *amicus*.

84.   The Boston Globe, LLC – *amicus*.

85.   The Center for Investigative Reporting – *amicus*.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

86.   The Comic Book Legal Defense Fund – *amicus*.

87.   The E.W. Scripps Company – *amicus*.

88.   The Freedom to Read Foundation – *amicus*.

89.   The Honorable Dave Lee Brannon, United States District Court

       Magistrate Judge.

90.   The Honorable Robin L. Rosenberg, United States District Court Judge.

91.   The Institute of Neurological Recovery, a California Medical

       Corporation, Appellant.

92.   The McClatchy Company – *amicus*.

93.   The News Guild, CWA– *amicus*.

94.   The University of Virginia School of Law First Amendment Clinic –

       *amicus*.

95.   Thomas Jefferson Center for the Protection of Free Expression –

       *amicus*.

96.   Tobinick, Edward, M.D., an individual, Appellant.

97.   Tobinick, Edward Lewis, M.D., a Medical Corporation d/b/a The

       Institute of Neurological Recovery, a California Medical Corporation,

       Appellant.

98.   Tully Center for Free Speech – *amicus*.

99.   Tushnet, Rebecca – Georgetown Law professor, *amicus*.

*Edward Tobinick, MD, et al. v. Steven Novella, MD, 15-14889*

100. Volokh, Eugene – UCLA School of Law Professor, *amicus*.

101. Weil, Gotshal & Manges LLP – counsel for Association of American Publishers, Inc., et al., *amici*.

102. Wheeler, Joshua J. – attorney for Thomas Jefferson Center for the Protection of Free Expression and The University of Virginia School of Law First Amendment Clinic, *amici*.

103. Wiggin and Dana, LLP – trial counsel for Yale University, Appellee.

104. Wimmer, Kurt – attorney for the Newspaper Association of America, *amicus*.

105. Wolman, Jay Marshall – trial counsel for Steven Novella, M.D., Appellant.

106. Yale University, a Connecticut corporation, Appellee.


I certify that Defendant-Appellee Steven Novella, M.D. is a natural person that has no corporate affiliation.

By: */s/ Marc J. Randazza*
Marc J. Randazza

**DEFENDANT-APPELLEE STEVEN NOVELLA, M.D.'S**
**REPLY TO OPPOSITION TO NOVELLA'S MOTION FOR APPELLATE**
**ATTORNEY FEES AND EXPENSES**

Appellants' opposition to Appellee Steven Novella, M.D.'s, motion for fees

and expenses is yet another example of their "kitchen sink" approach to litigation,

but all of their arguments empty down the drain.[1]  None of the arguments warrant a

reduction in the fee request and the motion should be allowed in full.[2]

### 1.0    Appellee's Fees and Expenses are Reasonable

Appellants challenge the rate of Attorney Randazza by inserting their

irrelevant, scandalous interpretations of extraneous matters regarding unrelated

proceedings.  They tried this line of unprofessional personal attacks below as well.

The district court found: "Upon a careful review of these materials, the Court does

not find them relevant to assessing the credibility of Randazza's affidavit in support

of fees.  The materials concern litigation wholly unrelated to the instant case and do

not cast doubt on the reliability of the records and statements at issue here." *Tobinick*

*v. Novella*, 207 F. Supp. 3d 1332, 1339 (S.D. Fla. 2016).  None of the collateral

---

[1]    Indeed, Appellants again violate the "spirit of the law" and put in "extra argument," subject to prior admonishment, by eliminating spaces in citations to once-more game the word count. *See* Argument Transcript at 70:1-14.

[2]    Appellants offer no reason why this Court should not adjudicate the motion itself, rather than the district court.  As Appellants have now filed an unusual mandamus petition, in addition to a forthcoming *certiorari* petition, it is expected that a district court decision favoring Appellee will be re-appealed to this Court, rendering transfer moot.

matters relate to "the experience, reputation, and ability" of Attorney Randazza. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 103 S. Ct. 1933, 1937 (1983).

Pending unrelated proceedings are unproven allegations. *Schmeidler v. Lazard Freres & Co.*, 74 CIV. 2206, 1977 U.S. Dist. LEXIS 18056, at *16 (S.D.N.Y. Jan. 6, 1977) ("unproven allegations in another lawsuit" are not judicial facts). There is no evidence they reduced his market rate.[3] Neither is there any evidence a personal bankruptcy filing reduces an attorney's market rate.

The district court similarly found the omission of employment from Attorney Randazza's *curriculum vitae* to be irrelevant. 207 F. Supp. 3d at 1339. There is no lack of candor; Attorney Randazza specifically included a matter in which he represented his former employer's sister entity in support of his fees. *See* Motion at 14 citing *Liberty Media Holdings, LLC v. FF Magnat Ltd.*, 2012 WL 3834744 at *5 (D. Nev. Sept. 4, 2012). And his personal arbitration with the employer, and the arbitrator's unrelated conclusions, is irrelevant, especially as confirmation of the interim arbitration award was refused. *See Liberty Media Holdings, LLC v. Randazza*, Case No. 15-01193 (Bankr. Nev. Jun. 8, 2017). Further, the district court correctly found that Attorney Randazza's word choice in the *Magnat* litigation cited by Appellants was irrelevant to the consideration of a reasonable fee. 207 F. Supp.

---

[3]   As Appellants should have seen, even a review of *Purple Innovations v. Honest Reviews et al*, No. 17-cv-138 (D. Utah) shows that Attorney Randazza has continued to be permitted to appear *pro hac vice*.

3d at 1339 n.5.  And, as these matters are irrelevant, there is no reason not to accept

the opinion of Appellee's expert, Attorney Edinger.[4]

Appellants provide no basis to suggest a $650/hour rate for Attorney

Randazza is otherwise unreasonable.[5]  Appellants' proffered expert, Judge Langer,

**only** considered the collateral matters, and could not otherwise show that Attorney

Randazza's rate is unreasonable; as his opinion suggesting a rate reduction was

rejected by the District Court, his opinion should be rejected here as well.  *Tobinick*

*v. Novella*, 207 F. Supp. 3d 1332, 1339 (S.D. Fla. 2016).  That another appellee is

represented by counsel willing to charge less for fees does not alter the

reasonableness of Appellee's fees.[6]  Neither do Appellants dispute the proper rate

---

[4]   A less than 1% difference in the calculation of hours between Attorney Randazza and Attorney Edinger is insignificant and Appellee accepts Attorney Edinger's calculation.

[5]   Although Appellants argue that Appellee's fee agreement with counsel should have been filed, this is not a requirement of 11th Cir. R. 39-2(b).  Moreover, the reliance on *Asbun v. Resende* is misplaced, where a Magistrate Judge found that the disclosure of the terms of the agreement (required under that court's local rule) was sufficient, without necessitating the filing of the agreement itself.  2016 U.S. Dist. LEXIS 109527 at *4-5 (S.D. Fla. Aug. 4, 2016).  Further, there is no "windfall" for Appellee's counsel to actually be paid for the work performed and expenses outlaid.

[6]   Moreover, Appellants are fully aware that Appellee Society is defended by insurance counsel, having participated in *Covington Specialty Ins. Co. v. Soc. for Science-Based Med., Inc.,* Case No. 1:14-cv-24416 (S.D. Fla.).  As this Court has recognized, "[i]f the old-line firms are primarily engaged in insurance defense work, for example, their fees will probably be low -- billing rates for this kind of work seem almost universally below the average."  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1305 (11th Cir. 1988).  Thus, the fees charged by counsel for Appellee Society are irrelevant.

for Attorney Wolman other than present cases in which his prior firms determined to charge below-market rates, for reasons not present here, and such argument is improper.  *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000) ("giving prior awards controlling weight over the superior evidence of a lawyer's actual billing rate equates to giving the prior awards issue-preclusive value against a party whose interests were not even arguably represented in the prior litigation.") No other hourly rates are contested; fees for consulting attorneys whose work was filtered through lead counsel is recoverable.  *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823-826 (9th Cir. 2009); *Dietrich Corp. v. King Resources, Co.*, 596 F.2d 422, 426 (10th Cir. 1979).[7]  Thus, there is no basis to reduce the rates claimed.

Reasonable hours were spent on the appeal.  Appellants make little specific challenge to hours spent, rather focusing on counsel's diligence in addressing the myriad issues Appellants themselves raise.  Contrary to Appellants' assertion, *Twin Peaks Prods. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1383 (2d Cir. 1993) does not indicate that hours on appeal should be barred because of no new issues being raised. Otherwise no appellate attorney fees would ever be recoverable.  Moreover,

---

[7]    Omission from the certificate of interested persons is irrelevant; the individual attorneys are neither interested persons nor the beneficiaries of the award – the client and the firm that paid their wages are.  By Appellants' illogic, the Clerk of Court is an interested person because of the entry fee paid.

Appellants ignore that nearly half their appeal addressed an issue they conceded (let alone failed to raise) below. This Court has itself had to address the voluminous pleadings and scores of issues raised. Spending 320 hours to respond to this appeal was not excessive.

The few specific time challenges lack merit. Appellants fail to set forth a reason why Appellee's counsel lacked a duty to remain apprised of filings by other parties and assess the strategic implications thereof. Neither do they show why fees for coordinating with *amici* is non-compensable. *Compare DeLeon v. Abbott*, No. 15-51241, 2017 U.S. App. LEXIS 6638 (5th Cir. Apr. 18, 2017) (affirming fee award that included time for the solicitation and coordination with *amici*). Of the entirety of the bills, Appellants' proffered expert only identifies 16.7 hours on the fee motion as excessive (Opposition at p. 489), yet fails to identify a single entry to justify this opinion.[8] And, assuming *arguendo*, any request is excessive, there is no requirement or rational purpose to disallow the entire motion as grossly excessive. *See Loranger v. Stierheim*, 10 F.3d 776, 782 n.8 (11th Cir. 1994).

---

[8]   Notably, in the district court, Appellee was awarded all hours claimed for the awarded period under the Lanham Act where no improper billing was identified. 207 F. Supp. 3d at 1343. And, where Appellants' proffered experts actually identified unintentional duplicative billing or non-compensable time, Appellee agreed in good faith not to seek such recovery. *Id.* at 1341. No such time has been properly or specifically identified here as duplicative or non-compensable. Thus, all fees claimed should be awarded in full.

Appellants' challenges to the expenses are similarly misplaced. Appellants do not contest that the expenses are recoverable under the anti-SLAPP act. And, though they state it is "unclear" whether they are recoverable under the Lanham Act (Opposition at p. 21), Appellants do not actually challenge such recovery.[9] None of the expenses, whether for research, travel, copying, or otherwise, are overhead, and they were specifically incurred for the litigation, thus making them fully recoverable. *See Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014) ("expenses for mediation, legal research, postage and travel may be awarded as attorneys' fees if … they were reasonably incurred in the course of case preparation, settlement, or litigation"). Neither Appellants nor their proffered expert offer any reason why they are unrecoverable beyond *ipse dixit*. Thus, all of the expenses are compensable.

### 2.0    There are No Barriers to an Award of Fees

None of the litany of arguments by Appellants defeats Appellee's statutory right to reasonable fees and expenses under the Lanham Act. All of the time spent on the appeal arose under anti-SLAPP or the Lanham Act or both and such time is

---

[9]    Moreover, Justice Brennan's *dicta* in dissent in *Marek v. Chesny*, 473 U.S. 1, 48, 105 S. Ct. 3012, 3037 (1985) is not relevant to the question of whether reasonable out-of-pocket expenses may be awarded as an "attorney's fee." This Court has consistently held that a "reasonable attorney's fee" includes such expenses, and the Lanham Act (15 U.S.C. § 1117(a)) should be read consistently. *Evans v. Books-A-Million*, 762 F.3d 1288, 1298-99 (11th Cir. 2014).

fully compensable.  Appellants identify no time entry that is not allocable to at least one of these statutes.

First, as set forth in the opposition to Appellants' cross-motion for fees, filed herewith, reference to mediation is not completely prohibited.  It appears in exhibits, not motions or briefs.[10]  *Compare* 11th Cir. R. 33-1(c)(3).  Moreover, as discussed below, time spent for mediation purposes is compensable under the statutes.  Thus, to the extent 11th Cir. R. 33-1(c)(3) would prohibit such compensation, by barring motion practice seeking it, it is invalid.  *See* Fed. R. App. P. 47(a)(1) ("[a] local rule must be consistent with…Acts of Congress"); *Weibrecht v. Southern Illinois Transfer, Inc.*, 241 F.3d 875, 879 (7th Cir. 2001) ("To the extent a local rule conflicts with a federal statute…the local rule must be held invalid.") (citing *Frazier v. Heebe*, 482 U.S. 641, 646, 107 S. Ct. 2607, 96 L. Ed. 2d 557 (1987)).

Second, though Appellants contest frivolity, they fail to show this is not an exceptional case.  Although the bulk of Appellants' argument rehashes their merits and rehearing claims and should be disregarded;[11] the mere fact that there was oral argument does not undermine exceptionality.  This is not the standard.  Rather, "an 'exceptional' case is simply one that stands out from others with respect to the

---

[10]   Appellants' argument is disingenuous as they, themselves, refer to mediation in their opposition.

[11]   Notably, Appellants continue to ignore that the alleged secondary uses were not part of the operative complaint.  Material evidence was not disregarded, only allegations not before the Court.

substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). This Court took but three weeks from oral argument to render a decision and summarily denied a stay of mandate, and not a single member of the Court supported *en banc* review. Just as the district court found this to be an exceptional case below, so too was it here. *Tobinick v. Novella*, 207 F. Supp. 3d 1332, 1341-43 (S.D. Fla. 2016). It does not become *unexceptional* simply because the Appellant appeals the case.

Third, fees are mandatory under the anti-SLAPP statute.[12] This Court has already rejected Appellants' *Erie* argument, raised for the first time on appeal and conceded below. *See Tobinick v. Novella*, 848 F.3d 935, 943-45 (11th Cir. 2017). Therefore, re-arguing it now is clearly a failing move.

This Court similarly rejected Appellants' "actual malice" argument, and such goes solely to the merits, not fee entitlement. *See id.* at 947. And, though Appellee believes the appeal to have been frivolous, Appellants misread *Metabolife Int'l v. Wornick*, 264 F.3d 832, 839-40 (9th Cir. 2001) to impose a frivolity standard; that

---

[12] Appellants' reference to the pre-trial stipulation (Opposition at p. 18) is incomprehensible; this argument was raised below and rejected, and there is certainly no indication that appellate fees were waived by a stipulation related solely to pre-trial motion practice.

word appears nowhere in the opinion and in no way qualifies the mandatory nature of the fees under the statute.

Fourth, no stay of consideration is warranted. Appellants' suggestion that the matter be stayed pending the resolution of Attorney Randazza's personal bankruptcy is misguided. The automatic stay only applies to actions by creditors, not actions by the debtor. 11 U.S.C. § 362. Moreover, Attorney Randazza is not himself a party to these proceedings and he is not a direct beneficiary; the recovery is for the benefit of Dr. Novella. The pending mandamus petition and yet-to-be-filed *certiorari* petition should not delay proceedings. Neither should the outcome of this motion await the outcome of Appeal No. 16-16210 and Appellants offer no explanation as to why such is necessary, beyond being a dilatory tactic. Thus, there is no basis at law to stay (let alone deny) the issuance of an award.

### 3.0    Conclusion

Despite adding 597 pages of largely irrelevant matter involving unrelated proceedings, Appellants fail to demonstrate any reason why the rates of Appellee's counsel or the hours or expenses incurred are unreasonable. No valid reason to delay or deny an award of fees under the anti-SLAPP act or the Lanham Act is present. Appellee respectfully requests the Court allow his motion.

Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC

*/s/ Marc J. Randazza*

Marc J. Randazza
Fla. Bar No. 625566
4035 S. El Capitan Way
Las Vegas, NV 89147
(702) 420-2001
ecf@randazza.com

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,</u>

## <u>TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

**Type-Volume.**  This document complies with the word limit of FRAP 27,

*et al*, because, excluding the parts of the documents exempted by FRAP 32(f) & 27,

*et al*, this document contains 2,353 words according to Microsoft Word.

**Typeface and Type-Style.**  This document complies with the typeface

requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

It was prepared using 14-point Times New Roman font.

By:   */s/ Marc J. Randazza*
Marc J. Randazza


## <u>CERTIFICATE OF SERVICE</u>

I, Marc J. Randazza, hereby certify that on June 14, 2017, I electronically filed

the foregoing motion with the Court via the appellate CM/ECF system.  I also certify

that counsel of record, who have consented to electronic service, will be served the

foregoing motion via the appellate CM/ECF system.

By:   */s/ Marc J. Randazza*
Marc J. Randazza