UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-80781-RLR

EDWARD TOBINICK, M.D., an individual,     )
et al.,                                    )
                                           )
                    Plaintiffs,            )
                                           )
            vs.                            )
                                           )
STEVEN NOVELLA, M.D., an individual,       )
                                           )
                    Defendant.             )
                                           )
_____   )


**PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION BY THE MAGISTRATE COURT**[1]

---

[1] Plaintiffs Edward Lewis Tobinick, M.D., A Medical Corporation d/b/a The Institute of Neurological Recovery, INR PLLC d/b/a Institute of Neurological Recovery, and Edward Tobinick, M.D. are referred to herein as "Plaintiffs" and Defendant Steven Novella, M.D. is referred to herein as "Novella."

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ...............................................................................................1

    A.   The Magistrate Court Appeared to Mistakenly Conflate the Two Appeals
        in the 11th Circuit – One Which Is Final but One Which Is Still Pending,
        and the Magistrate Court Failed to Acknowledge Plaintiffs' Argument that
        the Issues Be Stayed Until the Resolution of the Pending Appeal .........................2

    B.   The Magistrate Court Failed to Account for this Court's Previous Denial
        of Novella's Motion for a Rule 7 Bond Based on the Same Contentions
        Novella Made in his Appellate Fee Petition ..........................................................2

    C.   The Magistrate Court Failed to Acknowledge Plaintiffs' Arguments
        Regarding Attorney Randazza's Bankruptcy Proceedings ....................................3

    D.   The Magistrate Court Incorrectly Interpreted the Certainty and Outcome
        of the Lanham Act Issues on Appeal and Missed the 11th Circuit's
        Validation of Plaintiffs' Underlying Legal Theory Regarding
        Secondary/Promotional Speech in Commercial "Windows" ................................4

    E.   The Magistrate Court Incorrectly Analyzed Plaintiffs' Challenge to the
        Anti-SLAPP Issue and the *Erie* Problem..............................................................8

    F.   The Magistrate Court Incorrectly Determined that this Court Already
        Ruled on the Credibility Issues Underlying Novella's Appellate Fee
        Petition ....................................................................................................................9

    G.   The Magistrate Court Incorrectly Awarded Fees Despite the Fact that
        Novella Did Not Produce a Fee Contract nor Sworn Testimony from
        Himself..................................................................................................................11

    H.   The Magistrate Court Failed to Account for the Exorbitant Hourly Rates
        Claimed by Novella, Including for Attorneys Who Never Appeared in the
        Appeal ..................................................................................................................11

    I.   The Magistrate Court Failed to Recognize How Grossly Inflated Novella's
        Billing Submission Was........................................................................................13

    J.   The Magistrate Court Failed to Acknowledge that Novella's Work for
        *Amici* Should Be Grounds for this Court to Deny Fees, Especially Since
        the *Amici* Represented to the 11th Circuit that Novella Has no Authorship
        of the *Amici* Briefs .............................................................................................14

K.    The Magistrate Court Failed to Recognize Novella's Failure to Properly Delineate the Time at Issue and the *a Priori* Procedural Problems with Novella's anti-SLAPP Fee Request ...................................................................15

L.    The Magistrate Court Failed to Recognize the Procedural Problems with Novella's Fee Request in the 11th Circuit ............................................................15

M.    The Magistrate Court Failed to Recognize Plaintiffs' Actual Malice Argument ...........................................................................................................16

N.    The Magistrate Court Incorrectly Supplied Rationale for Awarding the Society Fees ....................................................................................................16

II.    CONCLUSION...............................................................................................................17

## I.     INTRODUCTION

Plaintiffs respectfully object to the report and recommendations by the Magistrate Court, [Dkt. No. 372].  No appellate fees should be awarded to Novella, for the reasons argued by Plaintiffs in their opposition papers, [Dkt. No. 368-1], and given the 11th Circuit's mandate allowing this Court the discretion to not award any fees.

Moreover, as more fully stated herein, it seems manifestly unfair to award appellate fees to Novella for many reasons detailed herein. Indeed, the Magistrate Court appeared to mistakenly conflate the two appeals arising out this case, when one of the appeals concerns this Court's prior fee order is still pending and scheduled for oral argument before the 11th Circuit in January 2018.

Additionally, this Court has previously denied Novella's Rule 7 motion based on the same concepts and evidence Novella is using to seek appellate fees. [Dkt. No. 364, at pgs. 1-2]. Moreover, the central issue before the 11th Circuit was commercial speech, but even the 11th Circuit itself stated that it did not have a "crystal clear definition" of commercial speech prior to Plaintiffs' bringing their appeal. CD of January 26, 2017 Oral Arg., 30:11-19. [Dkt. No. 368-1, pgs. 16 and 69 of 258].  Indeed, in deciding the commercial speech issue, the 11th Circuit validated Plaintiffs' secondary/promotional concept for Lanham Act liability, even though the 11th Circuit refused to consider the admissible record evidence Plaintiffs introduced. Plaintiffs should not be faulted for failing to predict the exclusion of this evidence since that evidence was part of a court-ordered stipulation that this Court considered during the case. [Dkt. Nos. 128, 132, 172, pgs.2-4,10-11].

And the basis posited by the Magistrate Court for fees to the Society for Science-Based Medicine, Inc. (the "Society"), should be vacated, as the 11th Circuit solely remanded for this Court to fashion the amount of an award to the Society.

Accordingly, Plaintiffs further state as follows:

**A.    The Magistrate Court Appeared to Mistakenly Conflate the Two Appeals in the 11th Circuit – One Which Is Final but One Which Is Still Pending, and the Magistrate Court Failed to Acknowledge Plaintiffs' Argument that the Issues Be Stayed Until the Resolution of the Pending Appeal**

Although one of the two appeals arising from the proceedings in this case is final, *Tobinick v. Novella*, 15-14889 (11th Cir.), there is still an unresolved appeal, *Tobinick v. Novella*, No. 16-16210 (11th Cir.), arising out of, *inter alia*, this Court's fee order, [Dkt. No. 333].  The 11th Circuit has ordered that there be oral argument in January 2018 in this still unresolved appeal.  However, the Magistrate Court appeared to misunderstand that Novella is seeking fees based on only one of the appeals, *Tobinick v. Novella*, 15-14889 (11th Cir.), but not based on the still unresolved appeal, *Tobinick v. Novella*, No. 16-16210 (11th Cir.), for which the 11th Circuit has granted oral argument.  *See* [Dkt. No. 372, at pgs. 2-3].  And the Magistrate Court did not acknowledge Plaintiffs' argument that the courts should not decide Novella's appellate fee petition before this Court until the related appeal in *Tobinick v. Novella*, No. 16-16210 (11th Cir.), is final.   [Dkt. No. 368-1, at pg. 36 of 258].

Indeed, the Magistrate Court appeared to incorrectly suggest that the 11th Circuit somehow affirmed this Court's fee order, [Dkt. No. 372, at pp. 2-3], but, as stated immediately above, the issue is currently being litigated and unresolved on appeal before the 11th Circuit, *Tobinick v. Novella*, No. 16-16210 (11th Cir.).  The Magistrate Court's apparent misunderstanding about the posture and outcome of two appeals before the 11th Circuit affected and rendered invalid the court's entire report and recommendation.

**B.    The Magistrate Court Failed to Account for this Court's Previous Denial of Novella's Motion for a Rule 7 Bond Based on the Same Contentions Novella Made in his Appellate Fee Petition**

The Magistrate Court did not acknowledge that this Court denied Novella's motion for a Rule 7 bond, [Dkt. No. 364].

2

The Rule 7 bond motion raised many of the same contentions Novella made in support of his appellate fee petition here, and Plaintiffs' arguments in opposition to the Rule 7 bond motion overlap with many of the arguments in opposition to Novella's appellate fee petition. [*Compare* Dkt. No. 355-363 with Dkt. Nos. 366-367]. Some of the same time in the Rule 7 bond motion and the fee petition overlap. [Dkt. No. 355-363]. And the Rule 7 bond motion and opposition brought to this Court's attention the same appellate briefing at issue in Novella's appellate fee petition, as the parties appended the appellate briefing to their Rule 7 bond motion filings. [Dkt. No. 355-363].

In denying the Rule 7 bond motion, this Court found:

> Under Federal Rule of Appellate Procedure 7, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." (emphasis added). When deciding whether an appeal bond is merited, "courts consider the appellant's financial ability to post a bond; (ii) the merits of the appeal; (iii) whether the appellant has shown any bad faith or vexatious conduct; (iv) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful . . . ; and (v) the appellant's attorney's prior actions." I*n re Checking Account Overdraft Litig.*, Case No. 1:09–MD–02036, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012) (citations omitted). Having considered these five factors, the Court does not agree that a bond pursuant to FRAP 7 is warranted.

[Dkt. No. 364, at pgs. 1-2].

Thus, a ruling granting Novella's appellate fee petition would be fundamentally irreconcilable with this Court's denial of the Rule 7 bond motion. Accordingly, because of the Rule 7 bond motion ruling, this Court should not grant Novella's appellate fee petition. *Compare*, *e.g.*, *Brooks v. Cook*, 938 F.2d 1048, 1055 (9th Cir. 1991); *Cordoba v. Dillard's*, 419 F.3d 1169, 1179-1180 (11th Cir. 2005).

### C.   The Magistrate Court Failed to Acknowledge Plaintiffs' Arguments Regarding Attorney Randazza's Bankruptcy Proceedings

The Magistrate Court did not acknowledge the fact that in seeking bankruptcy protection, Attorney Randazza has stayed proceedings in which he is a party. [Dkt. No. 368-1, at pg. 35 of 258

& Exhibits M and N]. Thus, the Magistrate Court failed to address the argument that, because Attorney Randazza has not explained why his fee petition here should not also be stayed, the fee petition should be stayed pending the resolution of Attorney Randazza's bankruptcy. [Dkt. No. 368-1, at pg. 35 of 258].

> **D.** **The Magistrate Court Incorrectly Interpreted the Certainty and Outcome of the Lanham Act Issues on Appeal and Missed the 11th Circuit's Validation of Plaintiffs' Underlying Legal Theory Regarding Secondary/Promotional Speech in Commercial "Windows"**

The Magistrate Court incorrectly concluded that Plaintiffs' appeal on the Lanham Act claims had no merit and did not validate Plaintiffs' legal theory, even suggesting that Plaintiffs' appeal was the product of recalcitrance, being "stubborn" and bad faith. [Dkt. No. 372, at pgs. 5-7].

First, Plaintiffs' ability to seek appellate review of a District Court's order is part of a penumbra of their fundamental rights under the United States, California and Florida Constitutions, including but not limited to the right of access to courts, the right to petition the government for redress, the right to equal protection and due process.

Second, the fact that the 11th Circuit ordered oral argument meant that, as a matter of law, the appeal was not frivolous. The 11th Circuit does not have oral argument for frivolous cases. 11th Cir. R. 34-3(b)(1).

Third, the 11th Circuit itself noted the uncertainty of the Lanham Act issues raised by Plaintiffs at the oral argument:

> It looked like to me that the 11th Circuit didn't have a crystal clear definition of what commercial speech is as compared to some other circuits. Am I right about that?

CD of January 26, 2017 Oral Arg., 30:11-19. [Dkt. No. 368-1, pgs. 16 and 69 of 258]. Thus, the 11th Circuit not only allowed dozens of *amici curiae* to provide guidance, the 11th Circuit allowed one of the *amici* groups to make a presentation at oral argument. For that reason, Plaintiffs' appeal was *ipso facto* proper and reasonable.

Fourth, as a result of the first appeal, the 11th Circuit has created a circuit split over whether competition is required to state actionable commercial speech under the Lanham Act. *Compare Tobinick v. Novella*, 848 F.3d 935, 950 (11th Cir. 2017) ("Commercial advertising or promotion includes '(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff . . .'"), w*ith Handsome Brook Farm v. Humane Farm Animal Care*, 700 Fed.Appx. 251, 254 (4th Cir. Aug. 22, 2017) ("[W]e do not adopt the second factor requiring a competitive relationship."), and *Grubbs v. Sheakley Grp*., 807 F.3d 785, 800-01 (6th Cir. 2015) ("We decline to adopt the requirement that the parties be in competition."). Thus, had Plaintiffs case been brought in the competing circuits, the outcome of the appeal would have been different.

Fifth, the 11th Circuit found that the proper analysis for determining whether a defendant is engaged in "commercial speech" under the Lanham Act is by examining the secondary/promotional uses of the speech, including determining whether the defendant is putting the speech into a commercial "window." *Tobinick v. Novella*, 848 F.3d 935, 951 (11th Cir. 2017). This secondary/promotional use analysis was articulated in the *Gordon & Breach* case the 11th Circuit adopted. *Gordon & Breach Sci. Pubs. S.A. v. Am. Institute of Physics*, 859 F. Supp. 1521, 1544 (S.D.N.Y. 1994).

Despite adopting the secondary/promotional use analysis, the 11th Circuit admitted to not taking into account the "full context" of Novella's attacks, including three of Novella's five attacks. *Tobinick*, 848 F.3d at 951-952, *fns*. 13 & 14. Importantly, moreover, the 11th Circuit ***did not*** find that, when all of Novella's attacks are considered, Novella is free from Lanham Act liability.

In this age of the Internet, Novella's for-profit webpages are the commercial "windows" described by the 11th Circuit and *Gordon & Breach*; Novella presenting his first two attacks on his for-profit webpages/podcast is the paradigmatic scenario described by this Court and *Gordon &*

5

*Breach* where secondary/promotional uses of speech manifests in "commercial speech." Novella took excerpts of the first attack and placed it into this commercial "window" of the third attack, (Doc.274-2,*pg.*18), and placed a direct hyperlink to the second attack in the commercial "window" of the fourth attack/podcast. (Doc.177-8,*pg.*2//Doc.177-9). The final attack contained hyperlinks to SGU's "windows." (Doc.261-20,pgs.21-22*of*33*//see also* Appellants' Initial Br.,*pgs.*3,11,21-24,40,43,45,50,55,58,63//Appellants' Reply Br.,*pgs.*1,7,10-22, 27).

Thus, Plaintiffs' litigation strategy and efforts to pursue Lanham Act claims were appropriate since, *inter alia*, Plaintiffs were trying to show this Court and the 11th Circuit that Novella was making lucrative secondary/promotional uses of his attacks including by putting his attacks into the commercial "windows" of his for-profit webpages. (Appellants' Initial Br.,*pgs.*3,11,21-24,40,43,45,50,55,58,63// Appellants' Reply Br.,pgs.1,7,10-22, 27). Thus, Plaintiffs could not have been in bad faith trying to support the secondary/promotional use analysis required by the 11th Circuit.

Further, Plaintiffs cannot be faulted for not predicting that the 11th Circuit would disregard the material admissible record evidence of Novella's secondary/promotional uses. This evidence was part of a court-ordered stipulation that this Court considered during the case. [Dkt. Nos. 128, 132, 172, pgs.2-4,10-11]. And although the 11th Circuit decided to disregard material admissible record evidence of Novella's secondary/promotional uses, the 11th Circuit did not cite legal authority for doing that. Plaintiffs believed that their evidence of secondary/promotional use would be considered by the 11th Circuit in a summary judgment analysis based on settled Supreme Court and Circuit Court precedent. *See*, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986).[2] Indeed, the 11th

_____

[2] *See also U.S. v. Diebold*, 369 U.S. 654 (1962); *Animal Legal Defense Fund v. Glickman*, 154 F.3d 426, 451 (D.C. Cir. 1998); *Yates v. Transamerica Ins. Co.*, 928 F.2d 199, 202 (6th Cir. 1991);

Circuit created a circuit split as to whether a federal rule of civil procedure 56 analysis determining if business disparagement is actionable "commercial speech" under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a court is required to consider the "full context" of how the defendant is disseminating the disparagement, including the defendant's secondary and for-profit uses of the disparagement. *Compare Tobinick*, 848 F.3d at 951-952, fns. 13 & 14, with *Jordan v. Jewel Food Stores*, 743 F.3d 509, 517-518 (7th Cir. 2014) ("[E]valuating the text requires consideration of its context, and this truism has special force when applying the commercial-speech doctrine."); *Vidal Sassoon, Inc. v. Bristol-Myers Co*., 661 F.2d 272, 276 (2d Cir. 1981) ("Viewing the 'entire mosaic' of the advertisements rather than 'each tile separately' . . . ") (internal citation omitted); *United Industries Corp. v. Clorox Co*., 140 F.3d 1175, 1181 (8th Cir. 1998) ("In assessing whether an advertisement is literally false, a court must analyze the message conveyed within its full context."); *Castrol Inc. v. Pennzoil Co*., 987 F.2d 939, 946 (3d Cir. 1993) (same); *cf. Adventure Communications, Inc. v. Kentucky Registry of Election Finance*, 191 F.3d 429, 441 (4th Cir. 1999) ("Consideration of the full context of the speech is therefore critical."). For that additional reason, had Plaintiffs case been brought in the competing circuits, the outcome of the appeal would have been different.

---

*Schneider v. TRW*, 938 F.2d 986, 1002 (9th Cir. 1991); *Marsh v. Austin-Fort Worth Coca-Cola Bottling Co.*, 744 F.2d 1077, 1079 n.4 (5th Cir. 1984); *Eastland v. Tennessee Valley Auth*., 553 F.2d 364, 370 (5th Cir. 1977); *Northwestern Nat. Ins. Co. v. Corley*, 503 F.2d 224, 232 (7th Cir. 1974); *Tripoli Co. v. Wella Corp*., 425 F.2d 932, 934-935 (3d Cir. 1970); *Osmose v. Viance*, 612 F.3d 1298, 311 (11th Cir. 2010); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1261 (11th Cir. 2004); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir. 1986); *Bolger v. Youngs Drug Prods.*, 463 U.S. 60 (1983); *Vidal Sassoon v. Bristol-Myers Co*., 661 F.2d 272, 276 (2d Cir. 1981); *Jordan v. Jewel Food Stores*, 743 F.3d 509, 517-518 (7th Cir. 2014); *United Indus. Corp. v. Clorox Co*., 140 F.3d 1175, 1181 (8th Cir. 1998); *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 946 (3d Cir. 1993); *Adventure Commc'ns v. Kentucky Registry of Elec. Fin.*, 191 F.3d 429, 441 (4th Cir. 1999).

Finally, the 11th Circuit did not resolve whether the evidence both this Court and the 11th Circuit did not consider in deciding summary judgment would constitute actionable commercial speech under the Lanham Act. Thus, that can now only be resolved through a new lawsuit regarding Novella's secondary/promotional uses of his attacks on Plaintiffs that were not considered in the summary judgment rulings by this Court and the 11th Circuit in case.

     **E.**    **The Magistrate Court Incorrectly Analyzed Plaintiffs' Challenge to the Anti-SLAPP Issue and the *Erie* Problem**

The Magistrate Court incorrectly concluded that Plaintiffs waived or otherwise had no basis to challenge the anti-SLAPP issue, even suggesting that the *Erie* issue had not been before this Court. [Dkt. No. 372, at pg. 6].

As far as the *Erie* doctrine, this Court itself had previously determined that there is a split of authority as to whether state court anti-SLAPP laws can apply in federal court consistent with the *Erie* doctrine and took a side in the circuit split. *Tobinick v. Novella*, 108 F. Supp. 3d 1299, 1305 n.4 (S.D. Fla. 2015). Thus, not only had the *Erie* issue been examined by this Court, Plaintiffs were reasonable in asking the 11th Circuit to find that the *Erie* doctrine invalidated use of the California anti-SLAPP procedure in this case, especially since new cases arose after this Court took a side in the circuit split. *See, e.g.*, *Intercon Solutions v. Basel Action Network*, 791 F.3d 729, 732 (7th Cir. 2015) (Washington state anti- SLAPP statute not proper in federal court because it "requires a judge to resolve factual disputes that properly belong to a jury"); *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1182-1186 (9th Cir. 2016) ("We should follow the D.C. Circuit's lead in giving these trespassing procedures the boot.") (Kozinski, J., concurring).

As far as Plaintiffs' stance on the *Erie* doctrine prior to this Court's anti-SLAPP ruling, Plaintiffs were still reasonable in asking the 11th Circuit to find that the *Erie* doctrine invalidated use of the California anti-SLAPP procedure in this case due to the fundamental error of the use of the

procedure. *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Ernst v. Carrigan*, 814 F.3d 116, 119 n.1 (2d Cir. 2016) ("[W]e do not reach the issue of whether Vermont's anti-SLAPP statute is applicable in federal court."). The 11th Circuit did not find a miscarriage of justice from the use of the anti-SLAPP procedure, *compare*, *e.g.*, *Tobinick*, 848 F.3d at 944, but had Plaintiffs been in a different circuit, the outcome might have been different.

Finally, the Magistrate Court did not address and the fact that the California anti-SLAPP procedure violates the *Erie* doctrine, violates INR-California's first, fifth, seventh, and fourteenth Amendment rights, and violates Federal Rules of Civil Procedure 8, 7, 12, 15, 56, 54, 38, 42, 37, 34, 33, 30, 26, 56, and 65, and Federal Rules of Appellate Procedure 3, 4, 27, 32, 38, and 39. *See*, *e.g.*, *Intercon Solutions v. Basel Action Network*, 791 F.3d 729, 731 (7th Cir. 2015); *Abbas v. Foreign Policy Grp.*, 783 F.3d 1328, 1337 (D.C. Cir. 2015). The California anti-SLAPP procedure has no place in federal court. *Travelers Casualty Insurance Company of America v. Hirsh*, 831 F.3d 1179, 1182-1186 (9th Cir. 2015) (concurring, J. Kozinski, footnote omitted).

### F.  The Magistrate Court Incorrectly Determined that this Court Already Ruled on the Credibility Issues Underlying Novella's Appellate Fee Petition

The Magistrate Court incorrectly found that this Court already looked to and determined the issues raised regarding the credibility of Novella's appellate fee petition. [Dkt. No. 372, at pg. 10, *fn.* 9]. However, there were many additional issues raised in response to the appellate fee petition that were not previously before this Court, including as it relates to Novella's counsel's failure to disclose various material facts to the 11th Circuit – facts which were also not previously before this Court. [Dkt. No. 368-1, at pgs. 19-35 of 258 & corresponding Exhibits B-M]. These additional facts are likely what caused the 11th Circuit to remand with instructions giving this Court the discretion to deny Novella any and all appellate fees. For instance, Attorney Randazza did not

disclose (then) pending disciplinary proceedings to the 11th Circuit that Attorney Randazza disclosed in the *Purple Innovations* case on March 8, 2017.[3]

----

[3] On March 8, 2017, Randazza filed a *pro hac vice* motion for admission to practice in the Federal District of Utah in *Purple Innovations v. Honest Reviews et al*, 17-cv-00138 [Dkt. No. 25] (D. Utah), [Dkt. No. 368-1, at **Exhibit B**].  Randazza checked "Yes" in response to the question of whether he has "ever been the subject of disciplinary action by any bar to which you have been admitted?" [Dkt. No. 368-1, at **Exhibit B**].  Randazza then also gave the following sworn statement:

> 6. I wish to disclose that there is a pending disciplinary action against me in the State of Nevada, Case No. OBC15-0747.
> 7. The action has been partially dismissed, and the other claims are the subject of a pending motion to dismiss.
> 8. Given the ongoing nature of the proceedings, and the lack of findings, it is my position that this did not need to be disclosed under the verbiage of the question. However, out of an abundance of candor, caution, and respect for the Court, I disclose (sic) am disclosing this information.

*Purple Innovations*, [Dkt. No. 25-3, ¶¶6-8], [Dkt. No. 368-1, at **Exhibit C**].   The disciplinary complaint starting the action to which Randazza refers is attached as **Exhibit D** in [Dkt. No. 368-1].

Nearly a month later, when filing his fee petition to the 11th Circuit, Randazza failed to make that same disclosure of the pending disciplinary proceedings to the 11th Circuit.  That is a material omission of the highest order, especially since:

> (a) the 11th Circuit requires the disclosure of disciplinary proceedings on the renewal form for admission to practice law, http://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormBarRenewalDEC 16.pdf (last visited June 3, 2017), which Randazza will presumably have to complete at some point;
>
> (b) Randazza is asking for the courts to award money;
>
> (c) Randazza made the disclosure to the *Purple Innovations* court "out of an abundance of candor, caution, and respect for the Court," *Purple Innovations*, [Dkt. No. 25-3, ¶¶6-8], [Dkt. No. 368-1 at **Exhibit C**];
>
> and,
>
> (d) the *Purple Innovations* court, apparently based on the disclosure of the disciplinary proceedings, "provisionally" granted Randazza permission to practice in

Moreover, the Magistrate Court incorrectly determined there were not sufficient facts to undermine the reliability and credibility of the fee petition, but the facts did so undermine the reliability and credibility of the fee petition and warranting an outright denial of Novella's fee petition.

### G. The Magistrate Court Incorrectly Awarded Fees Despite the Fact that Novella Did Not Produce a Fee Contract nor Sworn Testimony from Himself

The Magistrate Court incorrectly fashioned a fee award for Novella despite the absence of a fee contract from Novella and sworn testimony from Novella, which was specifically addressed by Plaintiffs. [Dkt. No. 368-1, at pgs. 26-27 of 258].  Without the actual fee contract and sworn testimony from Novella, there is no discretion to fashion any award. *Tire Kingdom v. Morgan Tire & Auto*, 253 F.3d 1332, 1336-1337 (11th Cir. 2001).  Moreover, the Southern District of Florida Local Rules require the denial of any fee award for Novella in the absence of this evidence. *See*, *e.g.*, *Asbun v. Resende*, No. 15-cv-61370, 2016 WL 4272372, at *2-*3 (S.D. Fla. Aug. 4, 2016) ("[T]he party opposing a motion for attorney's fees and costs should not be required to rely upon the assertions of opposing counsel as to what type of fee agreements exists."); S.D. Fla. L.R. 7.3.

### H. The Magistrate Court Failed to Account for the Exorbitant Hourly Rates Claimed by Novella, Including for Attorneys Who Never Appeared in the Appeal

The Magistrate Court found that the hourly rates for Novella's counsel were reasonable. [Dkt. No. 372, at pg. 11]. However, the Magistrate Court did not distinguish the cases awarding

---

the case for seven (7) days, until March 15, 2017, to be reconsidered thereafter, *Purple Innovations*, [Dkt. No. 34], [Dkt. No. 368-1 at **Exhibit E**.]

lower rates for Attorney Wolman.[4]  Nor did the Magistrate Court correctly review the reliability problem with Attorney Randazza's hourly-rate of $650, especially with Attorney Randazza getting "provisional" admission into the District of Utah in the *Purple Innovations* case. [Dkt. No. 368-1, pgs. 25-27 of 258 & **Exhibit K**].

Moreover, for the eight (8) timekeepers listed Novella, (Shepard, Fricker, Sperlein, Wolman, Cahill, Green, Rothell, and Randazza), Attorney Randazza is the only attorney who filed an appearance of counsel form for Novella in the appeal.  [Dkt. No. 368-1, pgs. 25-27 of 258]. Moreover, Attorneys Green, Shepard, Sperlein, and Cahill were not even disclosed in Novella's certificate of interested parties. [Dkt. No. 368-1, pgs. 25-27 of 258].  Yet the Magistrate Court stated, "the bulk of the work for this appeal was done by Marc Randazza, Jay Wolman, and Alex Shepard." [Dkt. No. 372, at pg. 10]. The Magistrate Court failed to recognize that it is not proper to award fees to attorneys who did not appear in the appeal. *Gsell v. Rubin and Yates*, 41 F. Supp. 3d 443, 452 (E.D. Pa. 2014).  As stated by Plaintiffs, the overreaching nature of the issue should require the petition to be denied, and the Magistrate Court failed to consider this issue.  *Loranger v. Stierheim*, 10 F.3d 776, 782-783 n.8 (11th Cir. 1994).[5]

---

[4] Attorney Wolman was given a $200/hour rate in *E. Point Sys. v. Steven Maxim*, No. 3:13–cv–00215–VAB, 2015 WL 2381079, at *1-*2 (D. Conn. May 18, 2015), and a $100/hour rate in *Gardner v. Simpson Fin. Ltd. P'hip*, 963 F. Supp. 2d 89, 95 (D. Mass. 2013).

[5] *See also Zero Down Supply Chain Solutions v. Global Transp. Solutions*, No. 2:07–cv–400 TC, 2012 WL 5194230, at *2-*3 (D. Utah Oct. 19, 2012); *Precision Instrument Mfg. Co. v. Auto. Maintenance Machinery Co*., 324 U.S. 806, 814 (1945); *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933); *Ellis*, 218 Cal.App.4th at 854; *Vocca v. Playboy Hotel of Chicago*, 519 F. Supp. 900, 901–902 (N.D. Ill. 1981); *Farris v. Cox*, 508 F. Supp. 222, 227 (N.D. Cal. 1981).

I.     **The Magistrate Court Failed to Recognize How Grossly Inflated Novella's Billing Submission Was**

The Magistrate Court found that the vast majority of Novella's billing submission reflected reasonable billing.  [Dkt. No. 372, at pgs. 10-11].  However, the Magistrate Court incorrectly assessed the billing.  The billing was objectively unreasonable as shown in the chart Plaintiffs submitted in opposing the petition:

| Progress of Appeal | Time Period | Attorney's Fees Claim Billed | Attorney's Hours Claimed |
|---|---|---|---|
| Appellants' Initial Brief Had Not Yet Even Been Filed | 10/30/15 - 01/12/16 | $16,235.00 | 41.1 |
| Novella Moved to Stay the Appeal | 01/13/16 - 02/03/16 | $20,775.00 | 52.4 |
| Novella's Briefing Obligations Were Stayed | 02/04/16 - 04/21/16 | $16,595.00 | 36.5 |
| Stay Lifted and Novella's Answer Brief Was Filed | 04/22/16 - 05/23/16 | $11,590.00 | 35.0 |
| Appellants' Reply Brief Had Not Even Been Filed | 05/24/16 - 06/22/16 | $6,182.00 | 21.0 |
| Between Appellants' Reply Brief and the Oral Argument | 06/23/16 - 01/26/17 | $40,790.00 | 108.2 |
| Since the Oral Argument | 01/27/17 - 04/20/17 | $9,332.50 | 28.7 |
| **Totals** | | **$121,500.00** | **322.9** |

[Dkt. No. 368-1, at pgs. 27-30 & Exhibit K].  Moreover, Plaintiff's expert opined that the billing was unreasonable. [Dkt. No. 368-1 at Exhibit K]. As stated by Plaintiffs, the overreaching nature of the issue should require the petition to be denied, and the Magistrate Court failed to consider this issue.

**J.     The Magistrate Court Failed to Acknowledge that Novella's Work for**
        ***Amici* Should Be Grounds for this Court to Deny Fees, Especially**
        **Since the *Amici* Represented to the 11th Circuit that Novella Has no**
        **Authorship of the *Amici* Briefs**

This 11th Circuit allowed *amici* to provide input into the appeal.  The *amici* represented to

this Court that Novella did not have authorship of the amici brief. [6] [Dkt. No. 368-1, at pgs. 33-34 of

258].   Nevertheless, Novella's counsel claimed time and seek compensation for *amici* work.[7]

Indeed, the Magistrate Court found that "Dr. Novella's attorneys were also involved in the filing of

multiple amici curiae briefs."  [Dkt. No. 372, at pg. 10].  The Magistrate Court failed to recognize

Plaintiffs' argument that, because either what the amici represented to this Court was false or

Novella's time is false, either should be grounds to deny the fee petition. [Dkt. No. 368-1, at pgs. 33-

34 of 258].

---

[6] UCLA Amicus App. filed 5/26/16,pg.8of28,fn.1("No party or party's counsel has authored this brief in whole or in part . . ."); Comic Book Amicus App. filed 5/27/16,pg.14of41,fn.1("Amici state that this brief was not authored in whole or in part by counsel for any party . . ."); Law Prof. Amicus App. filed 5/27/16,pg.8of25 ("Counsel for the parties did not author this brief in whole or in part."); Reporters Amicus App. Filed 5/31/16,pg.15of53("amici states that no party's counsel authored this brief in whole or in part . . .").

[7] *See*, *e.g.*, Novella Mot., pg.73of204,line 13 ("Strategize potential amicus brief . . ."); & line 29 (". . .memo to potential amici"); id. at pg.74of204, line 10 (". . . forward hosted documents to firm and potential amici"); id. at pg.75of204, line 12 (". . . drafting letter to potential amici"); *id.* pg.76of204, line 11 ("confer with amicus") and line 15 ("Review correspondence from proposed Amicus and strategize response"); *id.* at pg.77of204, line 13 ("Review and analysis of draft of amicus brief") and line 16 ("Revisions to draft of opening brief. Legal research for use in same.").

**K.   The Magistrate Court Failed to Recognize Novella's Failure to Properly Delineate the Time at Issue and the *a Priori* Procedural Problems with Novella's anti-SLAPP Fee Request**

The Magistrate Court did not acknowledge Plaintiffs' argument that Novella's failure to properly delineate the time at issue warranted a denial of the fee petition.  [Dkt. No. 368-1, at pgs. 30-31 of 258].[8]  That failure warranted such a denial.

Moreover, the Magistrate Court did not acknowledge Plaintiffs' arguments that: (a) because this Court's ruling on the California anti-SLAPP motion did not end the case, Novella is not entitled to anti-SLAPP fees, *Moran v. Endres*, 135 Cal.App.4th 952 (Cal. Ct. App. 2006); and, (b) Novella's stance in the pre-trial stipulation bars anti-SLAPP fees, because Novella represented that the motion was the type of motion the District-Court already denied on September 30, 2015. (Doc.286,pg.5//Doc.288,pg.10). [Dkt. No. 368-1, at pgs. 30-31 of 258].  These issues also warranted a denial of Novella's fee petition.

**L.   The Magistrate Court Failed to Recognize the Procedural Problems with Novella's Fee Request in the 11th Circuit**

The Magistrate Court did not address the fact that the California anti-SLAPP procedure only awards fees for frivolous cases, *Metabolife Int'l*, 264 F.3d at 839-40, but that Novella failed to properly assert a corresponding request for frivolous case fees under 11th Circuit procedure.  [Dkt.

---

[8] Under the anti-SLAPP procedure, Novella is not entitled to time unrelated to the anti-SLAPP motion. *City of Indus. v. City of Fillmore*, 198 Cal. App. 4th 191, 219 (2011); *see also Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008).  Moreover, there were more issues in this appeal than just the anti-SLAPP motion and the Lanham Act.  Novella, nevertheless, makes vague billing references to work done, which results in a confusing morass of bills.  The burden is on Novella to provide accurate, clear and reliable time records.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Novella failed his burden and, moreover, Novella's obfuscation is a basis upon which to deny fees. *See, e.g.*, *Ellis*, 218 Cal.App.4th at 854; *Pistoresi v. Madera Irrigation Dist.*, No. CV–F–08–843–LJO–DLB, 2009 WL 910867, at *7-*8 (E.D. Cal. Apr. 2, 2009).

No. 368-1, at pgs. 32-33 of 258]. 11th Cir. R. 39-2 "expressly forbids litigants from seeking appellate attorneys' fees on grounds of frivolousness." *Hudson v. Int'l Computer Negotiations,* 499 F.3d 1252, 1267 (11th Cir. 2007). Thus, because a necessary predicate to seeking anti-SLAPP fees is that the appeal is frivolous, Novella would have had to file an anti-SLAPP motion under Rule 38. [Dkt. No. 368-1, at pgs. 30-31 of 258]. Yet, under 11th Cir. R. 38-1, the motion should have been "filed no later than the filing of appellee's brief." 11th Cir. R. 38-1. [Dkt. No. 368-1, at pgs. 30-31 of 258]. Novella filed an answer brief but never filed a Rule 38 motion. [Dkt. No. 368-1, at pgs. 30-31 of 258]. The Magistrate Court failed to recognize this procedural bar that warranted a denial of Novella's fee request.

### M. The Magistrate Court Failed to Recognize Plaintiffs' Actual Malice Argument

Novella intentionally and falsely attacked Appellants to "tarnish[] personal integrity and reputation" and to imply "professional misconduct and deceit," which actual malice. *Competitive Enters. Institute v. Mann*, 150 A.3d 1213, 1242-1243 (D.C. Ct. App. 2016). Novella was caught admitting to republishing false statements ("one-man institute" and "moved his clinic to Florida") that he temporarily corrected because of their falsity. [Dkt. No. 261-9@Tr.157:8-23,159:2-25]. That is the textbook definition of actual malice – Novella admitted to re-publishing falsehoods he knew, and admitted, were false. The Magistrate Court did not address the fact that California anti-SLAPP procedure does not permit fees where there is actual malice. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839-40 (9th Cir. 2001). [Dkt. No. 368-1, at pgs. 30-31 of 258].

### N. The Magistrate Court Incorrectly Supplied Rationale for Awarding the Society Fees

The Magistrate Court incorrectly supplied rationale for awarding the Society appeal fees. [Dkt. No. 372, at pgs. 13-14]. However, the 11th Circuit did not explain why it awarding fees. And

it was unnecessary and beyond the scope of the mandate for the Magistrate Court to provide rationale, as the 11th Circuit remanded for an amount to be determined as to the Society.

## II.     CONCLUSION

WHEREFORE, based on the foregoing, other materials to be submitted and stated *ore tenus*, if necessary or allowed, Plaintiffs respectfully ask this Court to vacate the Magistrate Court's report and recommendation.  No appellate fees should be awarded to Novella, for the reasons argued by Plaintiffs in their opposition papers, [Dkt. No. 368-1], and given the 11th Circuit's mandate allowing this Court the discretion to not award any fees.  And the basis posited by the Magistrate Court for fees to the Society, should be vacated, as the 11th Circuit solely remanded for this Court to fashion the amount of an award to the Society.

Respectfully submitted,

|  | *s/ Cullin O'Brien*<br>Cullin O'Brien<br>Fla. Bar. No. 0597341<br>CULLIN O'BRIEN LAW, P.A.<br>6541 NE 21st Way<br>Ft. Lauderdale, Florida 33308<br>Telephone: (561) 676-6370<br>Fax: (561) 320-0285<br>E-Mail: cullin@cullinobrienlaw.com |
|---|---|

### CERTIFICATE OF SERVICE

Undersigned counsel certifies that he filed the foregoing with the ECF system and served same on defense counsel this December 13, 2017.

*/s/ Cullin O'Brien*
Cullin O'Brien