### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDWARD TOBINICK, M.D., et al., | Case No: 9:14-cv-80781-RLR |
| Plaintiffs, | |
| v. | **MOTION TO DISTRIBUTE SUPERSEDEAS BONDS** |
| STEVEN NOVELLA, M.D., et al. | |
| Defendants. | |

On June 12, 2018, the Eleventh Circuit Court of Appeals issued the mandate in Appeal No. 16-16210, which was the appeal of the final judgment on attorneys' fees and costs of September 20, 2016. Dkt. No. 380. Defendant, Steven Novella, M.D., now moves this Court distribute the supersedeas bonds posted by Plaintiffs in accordance with the mandate.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISTRIBUTE

Pursuant to the September 20, 2016, Final Judgment of Attorneys' Fees and Costs (Dkt. No. 334), Defendant Steven Novella, M.D., was awarded the following:

(1)   From Plaintiff Edward Lewis Tobinick, M.D., a California medical corporation d/b/a The Institute of Neurological Recovery ("California Plaintiff"): $36,186.00; and

(2)   From all plaintiffs, jointly and severally: $223,598.75;

all of which with post-judgment interest accruing thereon pursuant to 28 U.S.C. § 1961. Upon information and belief, the 1-year Treasury constant maturity rate for the week ending September 16, 2016, was 0.61%.

On September 21, 2016, for the first award, the California Plaintiff posted a supersedeas bond in the amount of $39,804.60. Dkt. No. 338. That same day, for the second award, all plaintiffs posted a supersedeas bond in the amount of

$245,958.63.  Dkt. No. 337.  The Court thereupon approved the bonds and stayed execution of the judgment per Fed. R. Civ. P. 62(d). Dkt. No. 343.

The Final Judgment at issue was affirmed in all respects. *Tobinick v. Novella*, 884 F.3d 1110 (11th Cir. 2018).  The mandate thereon has now issued.

**1.0   The Funds Held Should be Distributed to Defendant to Satisfy the Judgment**

It is well understood that "[t]he issuance of a mandate terminates appellate jurisdiction."  *SEC v. Am. Capital Invs.*, 98 F.3d 1133, 1145 (9th Cir. 1996).  "A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate."  *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985).  As a result, the stay of execution, issued for the pendency of the appeal, must now be lifted.

Under general principles governing supersedeas bonds, funds deposited in the Court registry should be applied to satisfy the judgment.  *See, e.g., Kalman v. Berlyn Corp.*, No. 82-0346-F, 1991 U.S. Dist. LEXIS 20420, at *5-7 (D. Mass. Oct. 3, 1991).  Thus, the funds held by the Court as supersedeas bonds should be distributed in accordance with the judgment awards they secure.

**2.0   The Residue Should Continue to be Held by the Court**

Defendant anticipates that after distribution of the judgment amount plus post-judgment interest, there will be monies remaining in the Court Registry.  Such distribution will not finally resolve the issue of monies owed to Defendant by Plaintiffs.

As the Court will recall, after prevailing on the merits appeal, the Court awarded Defendant $106,212.50 for the fees incurred by Defendant in defending the appeal before the Eleventh Circuit Court of Appeals.  Dkt. No. 374.  And, after Plaintiffs filed two petitions to the U.S. Supreme Court, which were denied, Defendant served a motion on Plaintiffs for the fees and expenses thereof, which

Defendant paid.  Dkt. No. 378.  There remain motions before the Eleventh Circuit Court of Appeals for the fees, expenses, and costs incurred in Appeal No. 16-16210 (which is the subject of the instant mandate) and Appeal No. 18-10175 (the appeal of the fee award in Dkt. No. 374).  Those motions seek fees and costs of $67,529.76 and $4,075.00, respectively, totaling $71,604.76.   Under Local Rule 62.1(a), the purpose of a supersedeas bond is "to provide security for interest, costs, and any award of damages for delay."  That bond continues to secure the pending motions as they seek, in essence, damages for delay incurred due to Plaintiffs' unnecessarily multiplicative appellate practice.  Equity would otherwise warrant retention of the residual funds pending adjudication of the motions.

Pursuant to Local Rule 7.1(a)(3), counsel for Defendant conferred with Plaintiffs' counsel, by letter of June 12, 2018, with the proposal rejected by email from Plaintiffs' counsel on June 13, 2018.  Such was in a good faith effort to resolve the issues raised in the motion and counsel has been unable to do so.  The parties agree that the bond should be disbursed to satisfy the judgment, with post-judgment interest, but do not agree on the disposition of the residue.

WHEREFORE Defendant respectfully requests this Court order the supersedeas bonds held in the Court registry disbursed in satisfaction of the judgment, with post-judgment interest accrued thereon, with the residual held pending adjudication of the motions pending with the Court of Appeals.

Dated June 13, 2018.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel:  702-420-2001
Email: ecf@randazza.com

Case No. 9:14-cv-80781-RLR

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/ 
Employee,
Randazza Legal Group, PLLC