UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-80781-RLR

EDWARD TOBINICK, M.D., an individual, et al.,

                Plaintiffs,

vs.

STEVEN NOVELLA, M.D., an individual,

                Defendant.

**PLAINTIFFS' OPPOSITION TO DEFENDANT NOVELLA'S MOTION TO DISTRIBUE SUPERSEDEAS BOND**

Plaintiffs Edward Lewis Tobinick, M.D., A Medical Corporation d/b/a The Institute of Neurological Recovery, INR PLLC d/b/a Institute of Neurological Recovery, and Edward Tobinick, M.D. ("Plaintiffs") oppose the motion filed by Defendant Novella to Distribute Supersedeas Bond [Dkt. No. 381] and, accordingly, state as follows:

1. It appears that the parties are in agreement that a portion of the total bond of $285,763.23 should be distributed by the Clerk to satisfy the $259,784.75 Judgment for Defendant Novella plus interest. [Dkt. No. 334]. The parties dispute the interest calculation and what should happen to the remaining balance of the total bond after the $259,784.75 Judgment plus interest is distributed to Defendant Novella.

2. Plaintiffs calculate and propose $2,738.54 in interest. [Dkt. No. 382]. Defendant Novella has not counter-proposed a specific other amount in interest. Plaintiffs are happy to review and consider a counter-proposed specific other amount in interest by Defendant Novella. Regardless, affixing the correct interest amount for the $259,784.75 Judgment appears to be a minor, ministerial issue that this Court can easily resolve.

3. Nevertheless, Defendant Novella wants this Court to order that the balance of the posted bond be held by the Clerk pending the outcome of two motions for attorneys' fees pending before the 11th Circuit Court of Appeals. Defendant Novella cites Rule 62.1(a) and "equity." [Dkt. No. 381, at pg. 3]. Defendant Novella's request is improper and the balance of the posted bond that does not satisfy the $259,784.75 Judgment plus interest to Defendant Novella should be returned to Plaintiffs forthwith.

4. The total bond posted, [Dkt. No. 337-338], that this Court allowed to be posted was for the September 20, 2016 Judgment, [Dkt. No. 343], and this total bond was posted pursuant to Plaintiffs' motion, [Dkt. No. 336]. Disbursing the $259,784.75 Judgment plus interest from the total bond to Defendant Novella will satisfy the purposes of the bond. Plaintiffs did not seek a bond for (nor does the bond pertain to) unadjudicated motions for attorneys' fees pending before the 11th Circuit Court of Appeals. The 11th Circuit Court of Appeals affirmed and issued a mandate – the 11th Circuit Court of Appeals did not issue nor award additional "damages" to be reflected in a modified judgment. *Compare*, *e.g.*, *Kalman v. Berlyn Corp.*, Civ. A. No. 82–0346–F, 1991 WL 340644, at *3 (D. Mass. Oct. 3, 1991). Thus, there would be no purposes for the bond other than to disburse the $259,784.75 Judgment plus interest to Defendant Novella and, for that reason, there

1

would be no basis for the Clerk keeping and not returning the remaining balance of the total bond to Plaintiff.

5.  Instead, Defendant Novella's request that the Clerk keep the remaining balance is a thinly-veiled second bite at the apple at his failed motion for an appeal bond pursuant to Federal Rule of Appellate Procedure 7. [Dkt. Nos. 355, 364]. As this Court will recall, Defendant Novella sought the imposition of a Rule 7 appeal bond to cover Defendant Novella's appellate attorneys' fees. [Dkt. No. 355]. Plaintiffs opposed the request, [Dkt. No. 356], and this Court ultimately denied Defendant Novella's motion for a Rule 7 bond. [Dkt. No. 364]. The doctrine of conclusiveness bars Defendant Novella from attempting to relitigate this same issue that Defendant Novella has already lost. *U.S. v. Stauffer Chemical Co.*, 464 U.S. 165, 171 (1984) ("[I]t is unfair to the winning party and an unnecessary burden on the courts to allow repeated litigation of the same issue in what is essentially the same controversy, even if the issue is regarded as one of 'law.'").[1] Moreover, Plaintiffs should not be burdened with the time and expense of having to brief, for the second time, why a Rule 7 bond is inappropriate.

6.  Accordingly, Plaintiffs respectfully ask this Court to deny Defendant Novella's motion and instead issue an order requiring the Clerk to disburse monies from the bond to Defendant Novella to satisfy the September 20, 2016 Judgment and for the remaining monies to be returned to Plaintiffs. Plaintiffs calculate and propose the disbursement of the $285,763.23 bond posted as follows: (a) $262,524.29 to Defendant Novella, made up of $259,784.75 in the Judgment plus $2,738.54 in interest; and, (b) $23,238.94 to Plaintiffs. Plaintiffs are happy to review and consider a counter-proposed specific other amount in interest by Defendant Novella.

---

[1] The Supreme Court has also stated as follows regarding the doctrine of conclusiveness:

> This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

*Southern Pac. R. Co. v. U.S.*, 168 U.S. 1, 27 (1897).

Respectfully submitted,

|  | *s/Cullin O'Brien*<br>Cullin O'Brien<br>Fla. Bar. No. 0597341<br>CULLIN O'BRIEN LAW, P.A.<br>6541 NE 21st Way<br>Ft. Lauderdale, Florida 33308<br>Telephone: (561) 676-6370<br>Fax: (561) 320-0285<br>E-Mail: cullin@cullinobrienlaw.com |
|---|---|

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that he filed the foregoing with the ECF system and served same on defense counsel this June 13, 2018.

*/s/ Cullin O'Brien*
Cullin O'Brien

Defense counsel:

Marc John Randazza
Randazza Legal Group
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Email: MJR@randazza.com

3